MICHAEL PEMBROKE, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, July 2, 1888.

1. **Public Highway :** OBLIGATIONS CONCERNING : CASE ADJUDGED. The bridgeway over the Missouri river at Kansas City (although in a sense defendant's property) is a public highway, and is held and operated under a franchise granted by the sovereign power for the purpose of a public roadway, for the transportation of passengers over that river. As such, defendant was under as much obligation to keep it in a reasonably safe condition for public travel, as if it had been a ferry.

2. **Common Carrier** : PASSENGER WITHOUT HIRE : CASE ADJUDGED.
The plaintiff, in this case, was an employe of defendant, and the
company had given him a pass over its road-bridge. In such a
case it is as much bound in its duty towards the passenger as if it
had received him for pay.

3. **Practice** : ABSTRACT OF RECORD : FAILURE TO SET OUT THE EVI-
DENCE : CASE ADJUDGED. Where the appellant has not set out in the
abstract of the record the evidence (as in this case), this court must
assume, in favor of the verdict and the action of the trial court'
that there was evidence sufficient to support the verdict and judg-
ment.

4. ———— : CONFLICTING EVIDENCE : DUTY OF TRIAL COURT. Where the
fact in issue was disputable, it was for the jury to determine it, and
it would have been error for the trial court to have withdrawn the
issue from the jury, and this court is concluded by the verdict, the
instructions given having fairly submitted the issues.

5. **Negligence** : DANGEROUS ROADWAY : RIGHT AND DUTY OF TRAV-
ELERS : CASE ADJUDGED. Where a roadway was only apparently
dangerous, and the defendant in this case was permitting passen-
gers to use its bridge without warning, they would have a right to
proceed, exercising a degree of care and vigilance commensurate
with the apparent danger.

*Appeal from Jackson Circuit Court.*—HON. JAMES H.
SLOVER, Judge.

AFFIRMED.

The case is stated in the opinion.

*Strong & Mosman,* for the appellant.

(1) We contend that the court erred in refusing to
instruct the jury that under the pleadings and the evi-
dence the verdict must be for the defendant; and in
overruling defendant's motion in arrest of judgment.
Because the petition showed on its face that the permit
given by the defendant to the plaintiff and his family
was a mere gratuity, and the plaintiff a mere licensee,
who, at the time of the injury, for his own recreation,
was availing himself of the permission to pass free of
toll over the bridge. If we were wrong in the above con-
struction of the averments of the petition, the evidence

wholly failed to show that the plaintiff occupied any other relation than that of a licensee coming upon the defendant's bridge for his own pleasure, under a mere permission. One who enters on premises by permission only, cannot recover damages for injuries caused by obstructions or pit-falls. He goes there at his own risk, and enjoys the license subject to its concomitant perils. No duty is imposed by law upon the owner to keep his premises in a suitable condition for those who come there solely for their convenience or pleasure. *Straud v. Soderer*, 53 Mo. 42, 43; *Morgan v. Railroad*, 7 Fed. Rep. 78; Campbell on Negligence; *Parker v. Portland Co.*, 69 Me. 173; *Vanderbeck v. Hendry*, 34 N. J. Law, 472; *Sutton v. Railroad*, 66 N. Y. 246. The plaintiff was upon defendant's premises under such circumstances as in law created no duty to him, save that of not wilfully injuring him. *Halahan case*, 71 Mo. 116; *Henry case*, 76 Mo. 295; *Mann v. Railroad*, 86 Mo. 347. The bare permission from defendant to plaintiff to pass free over the bridge, would not place defendant in a more onerous position than a landlord occupies towards his tenant. In neither case would there be any warranty as to the condition of the premises. *Davis v. Smith*, 15 Mo. 467; *Patterson v. Smart*, 70 Mo. 37. The landlord is not responsible to his tenant for a failure to remove ice or snow which causes him injury. *Purcell v. English*, 86 Ind. 34; *Wood v. Cotton Co.*, 134 Mass. 359. (2) There was no negligence in not providing a railing between the sidewalk and the track. It was impracticable. There was no sufficient evidence tending to show that defendant was negligent in failing to provide such a barrier. Where nothing has ever occurred to suggest that there is any danger in a certain line of conduct a person cannot be said to be negligent in continuing that line. *Dungan v. Trans. Co.*, 56 N. Y. 1; *O'Dell v. Solomon*, 99 N. Y. 635; *Kitteringham v. Railroad*, 62 Iowa, 285. The want of such a barrier was not the occasion of plaintiff's injury. *Stepp v. Railroad*, 85 Mo. 233. Defendant was not under any

obligation to plaintiff, a mere licensee to change the surface or prepare the way, or to make alterations in his structures for the more convenient and satisfactory enjoyment of them by the licensee. See authorities cited, *supra*. (3) So far as the failure to remove the sleet is concerned, we say the bridge was constructed out of proper material, and was in every way suitable and sufficient. It did not fall down with him, nor was he injured by any structural defect therein. The petition charges that the defendant had negligently failed to remove the sleet from off the surface of the bridge, and that in consequence thereof, plaintiff fell and was injured. This was a condition not existing at the time he received the permit or license, but one occurring subsequently, from natural causes, without defendant's fault. With full knowledge of the fact that the floor of the bridge was covered with sleet, he availed himself of a bare permission to pass over it. The defendant, as licensor, was under no duty to remove the ice and sleet from the bridge for his protection. See authorities cited *supra*. (4) Again : The fact that the surface of the floor of the bridge was covered with sleet, did not constitute a defect in the bridge, and defendant is not chargeable with negligence on account thereof. The coating of ice was not in ridges, or hummocks, but smooth and level. *Stoner v. Huberston*, 100 Mass. 56 ; *Luther v. Worcester*, 97 Mass. 268 ; *Smith v. Bangor*, 72 Me. 250 ; *Broberg v. Des Moines*, 63 Ia. 524 ; *Chicago v. McGiven*, 78 Ill. 352 ; *Cook v. Milwaukee*, 24 Wis. 270 ; *Nason v. Boston*, 14 Mass. 508 ; *Piquegno v. Railroad*, 50 Mich. 40. (5) The court erred in failing to instruct the jury to find for the defendant on account of the contributory negligence of the plaintiff. The evidence shows that plaintiff was intoxicated to such an extent that he staggered as he walked ; that in this condition he attempted to cross the bridge about midnight ; that he met an irregular train on the bridge, and went up to the railing on the side and caught hold of it and stood there while the engine went by ; that he could

have remained there in perfect safety; that by waiting two minutes the train would have passed out of the way ; that no emergency existed for, and the permission from defendant did not require, that he should incur the risk of walking along over the sleet-covered floor while a train was passing; that he knew that the floor of the bridge was covered with sleet, and with this knowledge, under these circumstances, voluntarily and unnecessarily, attempted to pursue his way while the train was passing him, and slipped, fell and was injured while so doing. Under such circumstances, he is not entitled to recover. *City v. McGill*, 101 Pa. St. 616; *Scheafler v. Sandusky*, 33 O. St. 248-9; *Centralia v. Kraus*, 64 Ill. 22; *Parker case*, 69 Me. 173. Plaintiff was free to control his own movements, and with liberty to take all precautions to preserve himself from injury. There was no cause for his incurring danger either from any regulation of defendant, or by reason of any permission from it. *Ferguson v. Railroad*, 58 Iowa, 293; *Hulett v. Railroad*, 67 Mo. 239; *English v. Railroad*, 34 Fed. Rep. 909,

*Gates & Wallace*, for the respondent.

(1) The proprietor of a toll bridge, if not chargeable with the same degree of care and foresight as a common carrier of passengers, is at least bound to exercise ordinary care and diligence to keep its bridges in a good and safe condition for its passengers; and if the bridge is also used as a railroad bridge, the duty of the proprietor is increased by the increased danger incident to such additional use. 1 Thompson on Negligence, 317; *Bridge Association v. Loomis*, 20 Ill. 235; *Canal Co. v. Graham*, 63 Pa. St. 290.; *Johnson v. Turnpike Co.*, 109 Mass. 522; *Bridge Co. v. Williams*, 9 Dana, 403. (2) The plaintiff at the time of his injury, being upon his own business or pleasure, and not being upon, going

to, or coming from, any business, work or employment
of the defendant, he was a passenger upon the bridge of
the defendant and entitled to protection as such. *State
to use v. Railroad*, 63 Md. 433; *Railroad v. Muhling*,
30 Ill. 9; Thompson on Carriers, 49. (3) No limitation
of the defendant's liability being contained in the pass
issued to plaintiff, the defendant owed him the same
duty as if he had paid the regular toll. *Williams v.
Bridge Co.*, 4 Pick. 346; *Lemon v. Chanslor*, 68 Mo.
357; *Sherman v. Railroad*, 72 Mo. 65; *Steamboat v.
King*, 16 How. 469; *Railroad v. Derby*, 14 How. 469;
*Wilton v. Railroad*, 107 Mass. 108; *Jacobus v. Railroad*,
20 Minn. 128; *State to use v. Railroad*, 63 Md. 433;
*Railroad v. Muhling*, 30 Ill. 9; *Railroad v. Selby*, 47
Ind. 492; *Rose v. Railroad*, 39 Iowa, 246; *Railroad v.
Nickless*, 71 Ind. 275; *Waterbury v. Railroad*, 17 Fed.
Rep. 672-3; *Perkins v. Railroad*, 24 N. Y. 196; *Conrad
v. Railroad*, 58 N. Y. 134; *Prince v. Railroad*, 64 Tex.
144; *Gillenwater v. Railroad*, 5 Ind. 339; *Hurt v.
Railroad*, 4 Miss. 391; Cooley on Torts, 685; Patterson
on Railway Accident Law, 207; Thompson on Carriers
of Passengers, 44. (4) That the plaintiff knew the gen-
eral condition of the bridge does not, as a matter of law,
prevent his recovery. The question of contributory
negligence was for the jury. *Randall v. Proprietors*,
6 N. H. 147; *Bridge Co. v. Williams*, 9 Dana, 403;
*Bridge Co. v. Boteler*, 38 Md. 568; *Smith v. St. Joseph*,
35 Mo. 449; *Buesching v. Gas Co.*, 73 Mo. 219; *Spear-
bracker v. Larrabee*, 64 Wis. 573; *Rice v. City of Des
Moines*, 40 Iowa, 638; *Ross v. City of Davenport*, 66
Iowa, 548; *Town of Allison v. Hettrick*, 90 Ind. 545;
*Nichols v. Minneapolis*, 33 Minn. 430; *Bullock v. New
York*, 99 N. Y. 654; *Emporia v. Schiedling*, 33 Kansas,
485; *Gilbert v. Boston*, 139 Mass. 313; *Nelson v. Road
Co.*, 93 Ind. 287; *Turnpike Co. v. Jackson*, 86 Ind. 111;
*Osage City v. Brown*, 27 Kansas, 74.

PHILIPS, P. J.—This is an action for personal injuries. The petition alleges that defendant owned and managed the bridge spanning the Missouri river at Kansas City ; that over it, it ran trains of cars, and alongside of the railroad track thereon there was a passway for vehicles and foot passengers, to travel over on payment of the required fare. The plaintiff was in the employ of defendant, at the northern end of the bridge approach near Harlem station, and had a pass from defendant, which permitted him to pass over this bridge without paying any fare. In passing over the bridge in the night-time, he fell and received an injury by one of defendant's trains of cars running over his hand, whereby he lost two of his fingers. The petition charges that this falling and injury resulted from the negligent construction of the passway, especially when trains were passing thereon, for want of sufficient passway between the track and the edge of the bridge, and for want of any barrier between the railroad track and footway ; and further that defendant, at the time in question, was guilty of negligence in suffering an accumulation of snow and ice on the footway, making it especially dangerous to such footmen.

The answer, after the general issue, tendered a plea of contributory negligence. Plaintiff had judgment for five hundred dollars.

I.    The first contention of appellant is, that as plaintiff held, and was at the time using, a pass from defendant, and was not a passenger for hire, he is to be regarded as a mere licensee upon defendant's private premises, to whom the defendant was under no obligation to provide a reasonably safe way. The premise assumed for this proposition is false. This bridgeway was a public highway. While in a certain sense it was defendant's property, yet it held and operated it under a franchise granted by the public, or sovereign power,

for the purpose of a public roadway, for the transportation of passengers over the river. As such defendant was under as much obligation to keep it in a reasonably safe condition for public travel as if it had been a ferryboat. The public had a right to go upon it as passengers, subject to the condition of paying toll, so long as defendant kept it open, and the defendant would have no right to exclude from its legitimate use any citizen offering to so go thereon. In this respect it is wholly unlike the private premises of a citizen,—not maintained for the public, or an uninvited person thereon not having business with the proprietor. 1 Thompson on Negligence, 317; *Frankfort Bridge Co. v. Williams*, 9 Dana, 403; *Penn. & O. Canal Co. v. Graham*, 63 Pa. St. 290.

II. The pass held by the plaintiff is not set out in the record furnished us. The evidence merely shows that plaintiff had a pass from defendant which permitted him to go over this bridge without paying the customary toll. It does not appear that it had any conditions or limitations attached thereto. In this respect, therefore, we perceive no legal difference in the mutual rights, duties and obligations of the parties, other than exist between a common carrier and a passenger without hire. This plaintiff was an employe of defendant; and, as is not unusual, the company had given him a pass over its road-bridge. In such case it is as much bound in its duty towards the passenger as if it had received him for pay. *Williams v. Bridge Co.*, 4 Pick. 344; *Steamboat v. King*, 14 How. 468; *Wilton v. Railroad*, 107 Mass. 108; *Lemon v. Chanslor*, 68 Mo. 357; *Sherman v. Railroad*, 72 Mo. 65; Cooley on Torts, 685, 686.

III. There are two grounds of negligence imputed to defendant. One was the negligent manner of constructing and managing the passway for footmen; the other was in negligently suffering snow and ice to accumulate and remain upon this passway. Whether such facts existed, and whether either, or both of the

alleged causes combined, caused the injury, were peculiarly questions of fact for the jury.    Unless the record presented to us purports to contain all the evidence on this issue, we cannot say but the whole of the evidence may have well supported the verdict.   The presumption is always in favor of the verdict.    The appellant has not set out in the abstract of the record the evidence; and we are left only to conjecture from mere statements and deductions drawn by counsel as to what the proof was.    In such case we must assume, in favor of the verdict and the action of the trial court, that there was evidence sufficient to support the verdict and judgment.

IV.    Appellant claims that the plaintiff at the time of his injury was drunk.    This fact respondent denies.    Accepting all that appellant has presented to us as correct, it was a disputable fact; and as such it was for the jury to determine.    The plaintiff denied that he was drunk, and testified that he was sober and cautious.    It would have been error for the trial court to have withdrawn the issue from the jury.    The instructions given fully and fairly submitted this question to the jury.    We are concluded by their verdict.

V.    Appellant further contends that plaintiff was guilty of contributory negligence in venturing upon the bridge, knowing the condition of the footway, and that he unnecessarily took the risk.    There is authority for saying, that, if in fact, the passway, on account of the ice thereon, was unsafe for a footman and in a dangerous condition, it was an act of inexcusable negligence on defendant's part to permit a passenger to enter upon it without warning.    *Randall v. Proprietors*, 6 N. H. 147.    We cannot say, from the record before us, that the ice on this bridge was such as to make it palpably dangerous to the sense of a traveler.    If it was only apparently so, and the defendant was permitting passengers to go on the bridge without warning, they would have a right to proceed, exercising a degree of care and vigilance commensurate with the apparent danger. *Loewer v. City of Sedalia*, 77 Mo. 431; *Buesching v. St.*

*Louis Gas Co.*, 73 Mo. 220. This issue was fully sub-·mitted to the jury under an instruction framed by defendant, which is all it can ask.

. That instruction is as follows : "9. The plaintiff admits that he knew of the presence of the ice and snow on the bridge, and that he saw and knew, that a train was approaching him, and knew that if he continued to go forward, he would have to walk in close proximity to the passing train. The jury are instructed that having this knowledge, the plaintiff was bound to take notice of all the dangers reasonably to be. expected from an attempt to go forward along an icy bridge, in the night-time, in close proximity to a moving train, and it devolved on him to use such ordinary care and prudence as was commensurate with the position in which he was placed, and if by the exercise of such care and prudence he could have so conducted himself as to have avoided the injury complained of, he cannot recover."

Other minor questions are raised by counsel, but they are not of sufficient merit to justify review.

With the concurrence of the other judges the judgment is affirmed.