LIZZIE D. PATTON et al., Respondent, v. HENRY F. WILLIAMS et al., Appellants.

Kansas City Court of Appeals, April 4, 1898.

Probate Courts: APPEALS: MANDAMUS. The lodging of an affidavit and a bond for appeal with the probate judge imposes on him the duty to approve or disapprove the bond and if the former, to grant the appeal; if the latter, to refuse it; and no delay in such action will prejudice the appellant and where an appeal is granted and it reaches the circuit court it is immaterial whether it was granted under a *mandamus* from the circuit court or by an illegal order of the court.

*Appeal from the Gentry Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

McCullough, Perry & Lyons for appellants.

(1) There is no statute authorizing the circuit court to compel the granting of an appeal from the probate court by mere rule or order.    R. S. 1889, art. 14, chap. 1.    (2) If the probate court wrongfully refused to grant an appeal, the remedy of plaintiffs was to have applied for a writ of *mandamus*. Hall v. Co. Ct., 27 Mo. 329; State ex rel. v. Allen, 92 Mo. 20; R. R. v. St. Louis, 92 Mo. .160; St. Louis Co. v. Sparks, 10 Mo. 117; Tetherow v. Grundy Co. Ct., 9 Mo. 118; Wood v. Phelps Co. Ct., 28 Mo. 121; State ex rel. v. Lewis, 71 Mo. 170; State ex rel. v. Phillips, 97 Mo. 331; State ex rel. v. Court of Appeals, 99 Mo. 216; Elliott App. Procedure, secs. 516, 517; Merrill on Mandamus, sec. 208; 2 Spelling, Ex. Relief, secs. 1319–1414; Union Sav. Ass'n v. Keiser, 8 Mo. App. 232; James v. Robinson, 1 Mo. 425 (596); 2 Woerner Am. Law Adm'r, p. 1193. (3) The superintending control over inferior courts, which is vested by the constitution in the circuit courts, can only be exercised by the common law remedial writs, *mandamus*, *certiorari* and prohibition, except where otherwise expressly provided by statute.    Elliott's App. Procedure, sec. 514 and note 1; Strong's case, 20 Pick. 484; Elliott's App. Procedure, secs. 504, 505, 506; Merrill on Mandamus, secs. 213, 214, 215; James v. Robinson, 1 Mo. 425, (596); St. Louis Co. v. Sparks, 10 Mo. 117; R. R. v. St. Louis, 92 Mo. 160; State ex rel. v. Phillips, 97 Mo. 331; Tetherow v. Grundy Co. Ct., 9 Mo. 118; Hall v. Co. Ct., 27 Mo. 329; State ex. rel. v. McAuliffe, 48 Mo. 112; State ex rel. v. Clayton, 34 Mo. App. 563. (4) An appeal can only be taken and a cause removed from the inferior to the superior court in the manner and under the circumstances provided by the statute authorizing the appeal.    Robinson v. Walker, 45 Mo. 117;

Bernicker v. Miller, 37 Mo. 499; Bauer v. Cabanne, 11 Mo. App. 114; 2 Woerner Am. Law Adm'r, 1199, 1200; Devore v. Stockler, 49 Mo. App. 547; Kelm v. Hunkler, 49 Mo. App. 664; Moulder v. Anderson, 63 Mo. App. 34; St. Louis v. Gunning Co., 138 Mo. 347; Pearson v. Carson, 69 Mo. 569; Union Sav. Ass'n v. Keiser, 8 Mo. App. 232; James v. Robinson, 1 Mo. 425 (596). (3) If, therefore, the rule made on the probate court by the circuit court to grant an appeal was without authority of law, it follows that an appeal granted by the probate judge, in obedience to such rule, in vacation of his court, and nearly three years after the rendition of the judgment appealed from, could confer no jurisdiction on the circuit court. Pearson v. Carson, 69 Mo. 569; Cason v. Tate, 8 Mo. 47; Union Sav. Ass'n v. Keiser, 8 Mo. App. 232; James v. Robinson, 1 Mo. 425.

GEO. W. SHOEMAKER and C. H. S. GOODMAN for respondents.

(1) Had the statute pointed out or provided any specific manner of compelling the probate judge to perform his duty the respondents would gladly have adopted it. If there is any statute directing that the writ of *mandamus* be employed in cases of this kind we have failed to discover it; and counsel for appellants, with all their industry and assiduity in the search for authorities, have failed to cite any such statute. (2) The judge of the probate court could have voluntarily granted the appeal, and it was his duty to have done so. That he has done voluntarily what he might have been coerced into doing can not render his action in the premises nugatory. *Mandamus* only issues to compel the performance of a legal duty. Merrill on Mandamus, secs. 13, 21, 50; 14 Am. and Eng. Ency. of

Law, p. 105; State v. Buhler, 90 Mo. 560; Brownsville
v. Soague, 129 U. S. 769; U. S. v. Clark Co., 95 U. S.
769; Supervisors v. U. S., 18 Wall. 71; Knox Co.
v. Aspinwall, 24 How. 376; U. S. v. Boutwell, 17 Wall.
604.

SMITH, P. J.—A very brief statement of this case
and a reference to 62 Mo. App. 339, and 65 Mo. App.
543, will be sufficient for a full understanding of the
questions presented for decision by defendant's appeal.
On the thirtieth day of June, 1893, the
STATEMENT.    probate court gave judgment for defend-
ants.    Within ten days thereafter the plaintiffs lodged
their proper affidavit and bond for appeal with the
probate judge.    The probate court neglected to grant
an appeal.    On the ninth day of September, 1895, the
plaintiffs made an application to the circuit court for a
rule on the judge of said probate court to grant said
appeal, or show cause why the same should not be
done, which application was sustained and the rule
awarded accordingly.    On the ninth day of May, 1896,
the probate judge granted the appeal, and then filed
with the clerk of the circuit court his return to said
rule, accompanied with a transcript of his docket
showing that the appeal had been granted.    At the
September term, 1896, of the circuit court the defend-
ants filed a motion to dismiss the appeal, based mainly
on the ground that the rule made on the probate judge
to grant the appeal was unauthorized by law.    This
motion being denied defendants' counsel withdrew
from the case.    The plaintiffs had judgment on the
merits and defendants have appealed.

When the plaintiffs lodged their affidavit and
bond for appeal with the probate judge that was all
they could do.    They could go no further.    Nothing

PROBATE courts: appeals: mandamus.

more was required of them. Bensley v. Haeberle, 20 Mo. App. 648. The duty then devolved on the probate judge to either approve or disapprove the bond, and, if the former, to grant the appeal; if the latter, to refuse it. If he delayed the performance of that duty the plaintiffs could not be prejudiced thereby since they had not caused it. It was no fault of theirs that he did not act more promptly. There was but one appeal granted in the cause and it may be safely assumed that the appeal bond was approved before the grant of the same. It was his duty to approve the bond before granting the appeal. In the absence of evidence to the contrary the law will presume the performance of this duty. When the bond was approved it then became his further legal duty to grant the appeal. The law enjoined on him the performance of this duty. Its mandate was sufficient without more. It is true that if he failed to give heed thereto resort could have been had to *mandamus* to compel obedience. But this writ could confer no new or additional authority. Brownsville v. Loague, 129 U. S. 769; U. S. v. Clark Co., 95 U. S. 769. It issues only to compel performance of what was a duty without it. State v. Buhler, 90 Mo. 660. It was as much the legal duty of the probate judge to grant the appeal without the issue of the rule as with it. If he voluntarily granted an appeal, which he might have been compelled by *mandamus* to grant, this did not invalidate the appeal. Merrill on Mandamus, sec. 13.

Even if it be true, as the defendants contend, that the superintending control over inferior courts which is vested by the constitution in the circuit courts can only be exercised by the common law remedial writs of *mandamus*, *certiorari* and prohibition, except where otherwise expressly provided by statute, and that the

rule awarded to the probate judge was not expressly authorized by the statute and therefore nugatory, still this in no way impaired or affected the validity of the appeal which had been authoritatively granted. Whether the rule was issued with or without authority of law, or was valid or invalid, is unimportant, since the appeal for its validity did not depend upon the existence of either of these alternatives. Obviously in passing upon the propriety of the action of the circuit court in refusing to dismiss the appeal, it is not necessary for us to determine the question whether or not the rule awarded to the probate judge was authorized by law, and therefore any expression of opinion touching that would be no more than a mere *obiter dictum*.

As was said by us in 65 Mo. App. loc. cit. 552, our order directing the circuit court to dismiss the appeal was in effect an order to strike the case from its docket. Up to that time there had been no appeal granted by the probate court, and therefore there was nothing to dismiss. The legal rights of the parties were just the same after this order of the circuit court was made as they were before it. It did not affect their rights in the one way or the other.

It follows therefore that the judgment of the circuit court must be affirmed. All concur.