LOID H. REDMAN, Appellant, v. MARTHA E. ADAMS, Executrix, etc., Respondent.

### St. Louis Court of Appeals, April 23, 1901.

1. **Probate Court:** ANNUAL SETTLEMENT: ORDER TO SELL LAND: RIGHT OF APPEAL THEREFROM BY CREDITOR OF THE ESTATE. A bona fide creditor of an estate has unquestionably the right of appeal from an interlocutory order for the sale of land procured by an administrator (Revised Statutes 1899, section 278).

2. ——: ——: ——: NO BILL OF EXCEPTIONS. No bill of exceptions being saved, there is no evidence in the record showing that the party appealing was an actual creditor of the estate, and the affidavit made by him was not sufficient for that purpose.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

#### STATEMENT OF THE CASE.

The probate court of Butler county, having in charge the estate of J. E. Adams, upon the second annual settlement of his executrix, Martha Adams, ordered her to sell the land of her testator for the payment of debts. After a sale in pursuance of said order, one Loid Redman, made an affidavit that he was a creditor of said estate, and prayed an appeal from said order of sale of the circuit court, which was granted. On the hearing of the matter in the circuit court, the following judgment was rendered: "Now at this time, this cause coming on to be heard, come the parties herein by their respective attorneys, when this cause is taken up by the court for hearing

upon the pleadings, and proof. And the court having heard the evidence and proof adduced and being now fully advised in the premises all and singular doth order that this cause or appeal be dismissed for want of jurisdiction and that the defendant have and recover of the appellant her costs in this behalf expended and have thereof execution." From which said Redman took an appeal to this court, unaccompanied by a bill of exceptions containing the evidence adduced on the trial.

*E. R. Lentz* and *R. B. Bristow* for appellant.

Section 278 of the Revised Statutes 1899, expressly gives the right of appeal in such cases: "and the right of appeal herein provided for shall extend to any heir, devisee, legatee, creditor or other person, having interest in the estate administered upon him." The learned judge who tried the case, after hearing testimony, decided he had no jurisdiction. And while the record as presented to this court does not show the evidence yet the fact is shown, by a prima facia recital in the record, that Loid H. Redman "is a creditor." The court does not decide that he is not a creditor or that he has no right of appeal, but simply that the court has "no jurisdiction," when the statutes expressly provide for the right of appeal.

BOND, J.—The contention is, that inasmuch as the interlocutory order of sale made by the probate court was one from which any creditor of the estate was entitled to an appeal to the circuit court, therefore, the latter court erred in dismissing the cause for want of jurisdiction. The statute applicable to such orders unquestionably affords the right to an appeal therefrom to any creditor. R. S. 1899, sec. 278. The difficulty, however, in applying it to this appeal arises from the

fact that there is no evidence in the record showing that appellant sustained the relation (alleged in his affidavit), of creditor to the estate in respondent's hands, and was therefore entitled to such an appeal. The affidavit did not conclusively establish such status, and when the cause was tried in the circuit court, evidence was adduced upon which that court based its dismissal of the suit. As appellant has not brought that evidence up by a bill of exceptions, we must conclude that it justified the judgment of the lower court by disclosing to it that appellant was not a creditor of the estate and, therefore, had not vested that court with any jurisdiction of his appeal. Stern v. Foltz, 152 Mo. 552; Doherty v. Noble, 138 Mo. 25; Wordsworth v. Tanner, 94 Mo. 124; Estes v. Nell, 140 Mo. 639; Pembroek v. R'y, 32 Mo. App. 61; Turley v. Edwards, 18 Mo. App. 676; Bauer v. Cabanne, 11 Mo. App. 114.

The judgment of the circuit court is accordingly affirmed. All concur.