MARGARET GUM, RESPONDENT, v. F. S. MYERS, ADM., ETC., APPELLANT.*

Kansas City Court of Appeals. December 7, 1925.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 40, n. 13.

*R. E. Ash* and *L. E. Atherton* for respondent.

*Calfee & House* for appellant.

BLAND, J.—This suit, instituted in the probate court of Sullivan county, was based upon a demand for $1500 which was afterwards reduced to $1050. Plaintiff is a widow and administratrix of the estate of her deceased husband, John J. Gum. F. S. Myers was appointed temporary administrator to represent the estate in this suit and the case proceeded against him as the sole defendant. On his own motion the probate judge certified the case to the circuit court of Sullivan county where the case was tried by the court without the aid of a jury, resulting in a judgment in favor of plaintiff in the sum

of $1050. The defendant filed motions for a new trial and arrest of judgment which were overruled and thereafter one John S. Gum, who was not a party to the record but is the sole appellant herein, filed the following affidavit of appeal:

"John S. Gum, one of the heirs at law of John J. Gum, and one of the distributees of his estate, in the above-entitled cause, being sworn, upon his oath says that the appeal prayed for by him is not made for vexation or delay but because he considers himself aggrieved by the judgment and decision of the court."

An abstract purporting to contain all the testimony in the case has been filed here but the name of John S. Gum is nowhere mentioned therein nor does it appear therefrom that he has any interest in the controversy.

Respondent has filed a motion to dismiss the appeal which we think under the circumstances must be sustained. The record should show that John S. Gum, the appellant, had an interest in the thing litigated, "this could be done by his petition or motion to the court, stating and showing his interest by proof if denied or required." [Zumwalt v. Zumwalt, 3 Mo. 269, 270; Abbott v. Knox, 97 Me. 278.] The statute, section 1471, Revised Statutes 1919, providing for an affidavit of appeal to this and the Supreme Court, which is similar to the statute (section 284) providing for an affidavit of appeal from the probate court, does not contemplate that the things stated in the affidavit should be open to contest. [Bensley v. Haeberle, 20 Mo. App. 648, 651; Patton v. Williams, 74 Mo. App. 451.] For the purposes of this case it may be conceded that if John S. Gum had such an interest in the case as is stated in his affidavit, he would have the right to an appeal, but it is apparent that such an interest cannot be proved by the affidavit itself but must be shown by some other part of the record. [Zumwalt v. Zumwalt, supra; Abbott v. Knox, supra; Redman v. Adams, 88 Mo. App. 534; Othenin v. Brown, 66 Mo. App. 318, 320.]

The appeal is dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.