STATE OF MISSOURI EX REL., THOMAS JONES, RESPONDENT (RELATOR) v. HONORABLE GEORGE N. DAVIS, JUDGE, APPELLANT (RESPONDENT).—216 S. W. 2d 155.

Kansas City Court of Appeals.   Opinion delivered December 6, 1948.

*Dan R. Hughes, Jno. R. Hughes, Waldo Edwards, Paul D. Hess, Jr.,* for appellant.

*John V. Goodson* for respondent.

APPEAL FROM MACON COUNTY CIRCUIT COURT.

DEW, J.—Upon the petition of the respondent herein and upon a hearing thereon, the court below issued its peremptory writ of mandamus directing appellant, probate judge, to certify to the circuit court, "the same as on appeal", the files and transcript in a proceeding allowing a certain claim against the estate of a decedent. The successor probate judge has appealed from said judgment.

John O. Jones, a resident of Macon County, Missouri, died intestate July 22, 1943. Upon the application of Thomas H. Williams, a second cousin of the deceased, the latter was granted letters of administration of said estate. The application did not list the respondent or any other heirs, except cousins, including the applicant. Later, Morton S. Meisner was appointed administrator *ad litem* of said estate in the place of said Thomas H. Williams, and on the same day Olive Williams, wife of said Thomas H. Williams,

filed a claim against said estate in the amount of $1332, consisting of alleged services in caring for the deceased from Septemeber 24, 1937, until his death. The administrator *ad litem* waived service of notice of the presentment of the account on the date said claim was filed and a jury being waived and hearing had, judgment was rendered on said account in the full amount thereof and assigned to the sixth class of claims. In due time an affidavit for appeal from the judgment rendered on said claim was filed reading:

"John V. Goodson, attorney for Thomas Jones, son of deceased, being sworn says that the appeal from the judgment of the Probate Court, rendered June 10, 1944, is not taken for vexation or delay, but because the affiant believes that the appellant is aggrieved by the decision of the Court".

Upon the face of this affidavit for appeal, at the bottom thereof, reference was made to an attached certified copy of the marriage certificate of John O. Jones, and a certified copy of the birth certificate of Thomas Jones. The marriage certificate attached contained various statements which purported to show that the marriage of John Jones was solemnized in the County of Anglesey, Wales, December 31, 1880, to Jane Jones. The birth certificate attached to the affidavit purported to certify to the birth of Thomas Jones, son of John Jones and Jane Jones, on May 20, 1885, in the county of Wales therein named.

Upon the filing of said affidavit for appeal with attachments aforesaid, the probate court did not then dispose of the same but fixed September 16, 1944, for a hearing concerning the interest of respondent in said judgment and his right to appeal therefrom. On that date the hearing on said affidavit for appeal was conducted and the said marriage and birth certificates, letters, and the testimony of various witnesses were introduced, purporting very strongly to establish that the respondent Thomas Jones was the son and heir of the deceased; that he himself was a man of advanced age, blind since birth, and still residing in Wales. There was no evidence to the contrary. At the conclusion of the hearing the probate judge found "that the records of this Court do not show that the said (respondent) * * * has any interest in the said litigation wherein the said judgment in favor of the said Olive Williams against the estate of said deceased in the sum of $1332.00 was rendered", and "that the records of this Court do not show that the said (respondent) is an heir or is in any way interested in the estate of John O. Jones, deceased". The court thereupon ordered that said affidavit for appeal be stricken from the files and records of the court.

On the same day the respondent Thomas Jones, through his attorney, filed a pleading under oath entitled "Motion To Record

Thomas Jones, Who Resides In Wales, As A Son And Heir Of John O. Jones, Deceased'', in the following words:

"Comes now John V. Goodson, attorney, of Macon, Missouri, and moves the Court that Thomas Jones, who resides in Wales, be listed as an heir and one entitled to share in distribution of the estate of John O. Jones, deceased.

"Movant states that he has had correspondence with the said Thomas Jones and verily believes that said Thomas Jones . is a son of John O. Jones, who died a resident of Macon County, Missouri, July 22nd, 1943, and that said Thomas Jones is entitled to be regarded as a possible heir and one entitled to share in the distribution of estate of said John O. Jones''. Signed "John V. Goodson, Attorney for Thomas Jones, Aforesaid''.

The attorney Goodson testified that he filed the above formal application for declaration as heir during a recess in the hearing on the affidavit for appeal. The probate judge testified that the same was not filed until 5 o'clock on that day, and after the order had been made striking the affidavit for appeal from the records.

On September 18, 1944, the probate judge notified the parties that on September 26, 1944, during the same term of court, it would hear the said formal motion of Thomas Jones to be recorded as an heir of the decedent. On September 26, practically the same evidence was before the court as had been introduced at the hearing on the affidavit for appeal. After the hearing on September 26, on the motion aforesaid, the court found that "John O. Jones and Jane Jones were lawfully married in Wales in the Kingdom of Great Britain on the 31st day of December, 1880; that on the 20th day of May, 1885, there was born of said marriage a son, Thomas Jones, now a resident of Wales in the Kingdom of Great Britain; and that as such, the said Thomas Jones is an heir of the said John O. Jones, deceased, and entitled to share in the distribution of his estate; and it is so ordered''.

In the meantime, however, the administrator Williams had published notice of final settlement to be made September 5, 1944, and on that day filed the same, and on the same day the court approved it and finally discharged the administrator. In so doing the court ordered, in effect, that $1047.84, remaining in the hands of the administrator, be applied to the judgment on the claim of Olive Williams, and found there were no further assets in the hands of said administrator.

On September 30, 1944, Thomas Jones, through his attorney, filed petition in the Circuit Court of Macon County, for a writ of mandamus, setting forth, in substance, the above facts, together with allegations of conspiracy and fraud, and prayed that a writ issue, commanding Probate Judge Shelton to grant and sustain

respondent's appeal in the case of Olive Williams against Morton S. Meisner, administrator *ad litem* of the estate, and to properly transfer to the circuit court the transcript and original papers in the cause. On October 7, 1944, the application for the alternative writ of mandamus was argued and taken under advisement, and on May 8, 1945, the preliminary writ was ordered issued. Accordingly, on November 13, 1945, the circuit court issued its alternative writ, and on December 13, 1945, Probate Judge Shelton filed his return to the alternative writ. Respondent Thomas Jones filed an answer to the writ and on September 5, 1946, a hearing was had on the merits, and the cause taken under advisement. During the hearing the circuit court stated: "* * *. It stands admitted that he is a son and heir". By Mr. Dempsey (of counsel for appellant) "We think he is; Yes. We think he is. We don't know it". At another stage of the hearing the circuit court said: "* * *  You are not denying that * * * this appellant * * * Thomas Jones was the son and heir of John O. Jones? By Mr. Dempsey: "We are not denying the fact that he is".

On January 23, 1947, the circuit court found the issues for the respondent Thomas Jones, and issued its peremptory writ, accompanied by the findings of the court. A judgment was entered which ordered the issuance of a peremptory writ of mandamus commanding the said respondent that he certify to the circuit court of Macon County, Missouri the files and transcript of the certain case in the Probate Court of said county styled Olive Williams,. plaintiff, v. Morton S. Meisner, Administrator *ad litem* of the Estate of John O. Jones, deceased, defendant, wherein the plaintiff had judgment against said estate for the sum of $1332.00, "the same as on appeal from the Probate Court to the Circuit Court as provided by law, and that relator have and recover costs". In the meantime, on August 9, 1947, the death of Probate Judge Shelton was suggested to the circuit court, and the cause was revived by the substitution of Probate Judge George N. Davis, present appellant herein. On August 30, 1947, the latter accordingly certified the transcript to the circuit court. After the motion for new trial was overruled, an appeal was allowed from the judgment of the circuit court.

The appellant herein contends that the petition for alternative writ of mandamus did not state a claim upon which relief could be granted; that the interest or status of Thomas Jones as an heir must appear in the record and that said record does not disclose the same; that such interest cannot be established solely by the averments in the affidavit for appeal filed in the probate court, nor is Thomas Jones bound by the administration proceedings where he was neither a party to any of the proceedings nor anywise mentioned of record therein.

The above points are interrelated and may be considered together.. The sole point is, in effect, whether or not, under the pleadings and the record the respondent Thomas Jones was entitled, as a matter of law, to have his appeal allowed by the probate judge, and the files and transcript pertaining thereto certified to the circuit court.

To qualify as an appellant from a judgment in the probate court one must have an interest in the judgment and must be aggrieved by it. To be "interested" and aggrieved he need not necessarily be a named party of record in the proceedings complained of. We do not understand the appellant here to deny that if a person has been duly and timely determined to be a son of a deceased intestate, he has a pecuniary interest in a judgment rendered against the estate of such decedent, although he may not appear as a named party to it. As far as his interest in the estate is concerned, he is bound by such judgment whether·or not his relationship has been so determined, subject to being set aside on appeal or otherwise. The fact that respondent's name was omitted by the administrator on the list of heirs at law in the application for letters of administration required by Section 15, R. S. Mo., 1939, would not alter the fact of the relationship, but to permit him to share in the estate, it would make it necessary for a determination of his status in some later but timely and proper proceeding. When so established, certainly a son of an intestate may be aggrieved by a judgment against the estate.

Section 283, R. S. Mo., 1939, provides for appeals from decisions in the probate court in certain cases. Among such cases are demands against the estate exceeding $10. That section further provides that such rights of appeal thereunder shall extend to "any heir, devisee, legatee, creditor or other person having an interest in the estate under administration". The appeal must be taken within the time prescribed by Section 285. Section 286 requires the applicant for such appeal, his agent or attorney, to file an affidavit that the appeal is not taken for vexation or delay, but because the affiant believes the appellant aggrieved by such decision. Under Section 287, as amended, (Laws of Mo. 1945, p. 64), either a supersedeas bond or a bond for costs must be furnished and filed by the appellant. When such an affidavit for appeal and bond are filed and the bond is approved, "the appeal shall be granted". Such appeal cannot be dismissed by the appellate court for want of affidavit or bond, nor because of defective affidavit or bond, if same be furnished to the satisfaction of the appellate court (Sec. 289). When such appeal is taken the clerk of the probate court "shall transmit to the clerk of the circuit court or other court having appellate jurisdiction, a certified transcript of the record and proceedings relating to the case, together with the original papers in his office pertaining thereto". (Sec. 290). When such procedure is taken the appellate court becomes possessed of the cause and shall hear the same *de novo*, (Sec. 291), "without regarding any error, defect or

other imperfection in the proceedings in the probate court''. If the appellant loses on his appeal, judgment shall be rendered against him and his sureties (Sec. 292). The above statutes concerning appeal from the probate court are to be liberally construed as the law favors the right of appeal. State ex rel. Goodloe v. Wurdeman, 286 Mo. 153, 159. If the appeal is granted and no bond has been fixed, the bond shall be furnished in the circuit court satisfactory to that court. Estate of Wm. G. Williams, 62 Mo. App. 339, 351.

It has been settled in this state, as appellant contends, that the right of appeal from the probate court cannot be established merely by the recitals in the affidavit for appeal, and that such right must appear elsewhere in the records. Zumwalt v. Zumwalt, 3 Mo. 269, 270; Gum v. Myers, 221 Mo. App. 392, 277 S. W. 948, 949; Redman v. Adams, 88 Mo. App. 534. It is true that, prior to the filing of the affidavit for appeal there had been no determination of respondent's relationship to the deceased. For general purposes this could be done at a later stage of the administration upon a proper and timely petition, but for the purposes of qualifying himself to appeal from the judgment in question, his status on the date of the granting of his appeal as a son and heir as claimed, must appear of record elsewhere than in the affidavit for appeal.

Before ruling on the application for appeal, the probate court set a hearing thereon for the express purpose of determining the interest of respondent in the judgment and his right to appeal therefrom. At that hearing the certified copies of the marriage and birth certificates mentioned, and other documentary evidence were introduced, and also oral testimony of witnesses who testified they knew the deceased intimately, both here and in Wales, and knew well the respondent as a neighbor and playmate in Wales, and knew that he was a son of the deceased. There was no evidence to the contrary. It is true that upon that hearing the probate court, nevertheless, found that the record failed to show respondent to be a son or heir of the deceased, or that he was interested in the judgment complained of, and ordered the affidavit for appeal to be stricken from the files for the reasons stated. However, upon a motion filed the same day, raising the direct issue of such relationship, and upon practically the identical evidence, the court, ten days later and in the same term of court, found respondent to be a son and heir of the deceased, and entitled to share in the distribution of the estate, and so ordered. This latter ruling was not appealed from or otherwise disturbed. The probate court could then have properly set aside its order striking the affidavit from the files. State ex rel. Gregory v. Henderson, 230 Mo. App. 1, 28, 88 S. W. 2d 893; State ex rel. Lefholz v. McCracken, 231 Mo. App. 870, 878, 95 S. W. 2d 1239. But, in effect, the court's later findings nullified its former order striking the affidavit for appeal from the record. The court, in effect, found that the evidence on which it struck the affidavit

for appeal from the files, was sufficient to qualify respondent to appeal. The hearing had on the affidavit was itself a part of the record and was sufficient to supplement the affidavit. Certainly if the respondent was found to be a son and an heir for the purpose of distribution, he was an heir for the purpose of appeal under Section 283. If, on September 26, 1944, respondent was a surviving son and heir of the deceased, which is not denied, he was such on September 16, 1944, at the time of the first hearing, and at all prior times since the death of deceased. The probate court could not stultify itself to consider otherwise. Thus the probate court had sufficient evidence and sufficient record other than the recitals of the affidavit for appeal, of the fact that both at the time of the filing of the affidavit for appeal and the ruling thereon, respondent was qualified under Section 283 to appeal. The court clearly should thereupon, pursuant to its own findings, have granted the appeal and taken the further steps relating thereto as required by the statute.

It is true that, in the meantime, on September 5, 1944, the probate court had permitted the administrator to file his final settlement in the estate and be finally discharged. This was void for want of jurisdiction. The affidavit for appeal from the judgment in favor of Olive Williams was pending and thus the estate had not been fully administered. This is a jurisdictional requirement authorizing an order of final discharge. Section 230, R. S. Mo., 1939; State ex rel. Knisely v. Holtcamp, 266 Mo. 347, 181 S. W. 1007. For the purposes of the present action and its incidents the administration is still pending.

Pursuant to the peremptory writ appellant has certified and transmitted the probate records to the circuit court. No order granting appeal or proceedings for an appeal bond appear in that record. The writ directed appellant to certify and transmit the record "as on appeal". The lodgement of such record in the circuit court is tantamount to a formal granting of the appeal. Lewellyn v. Lewellyn, 87 Mo. App. 9. The circuit court has become possessed of the cause consisting of the claim of Olive Williams against said estate, to hear the same anew. The bond may be fixed and proceedings thereon had in the circuit court under Section 289.

The judgment of the circuit court is affirmed. All concur.