[1] This is a claim against the estate of Hugh E. Smith, deceased, for the value of board and lodging that had been furnished to Smith by the plaintiff. On appeal from the probate court there was a verdict and judgment in the circuit court for the plaintiff and four alleged heirs seek to prosecute this appeal.
[2] After judgment and after a motion for a new trial had been overruled in the circuit court a notice of appeal was filed and it averred that "* * * the Estate of Hugh E. Smith, deceased, Albert Smith, Woodrow Smith, Arthur Smith, Walter Smith, as heirs of Hugh E. Smith, deceased," were aggrieved by the judgment. It was signed by Ennis and Saunders as attorneys for all of the named appellants.
[3] A motion to dismiss the appeal was filed and submitted with the case. The grounds relied upon in the motion are that the appeal was not taken by the administrator and that the record does not disclose that the named appellants are parties to the suit or that they are heirs of the deceased. With the motion is the affidavit of the administrator in which he states that the appeal was not taken on behalf of the estate and that he did not authorize the appeal.
[4] The appellants filed a memorandum in opposition to the motion to dismiss and do not deny the averments in the administrator's affidavit but maintain that the others named in the notice of appeal are heirs of the deceased Hugh E. Smith and as such are entitled to appeal. *Page 122 
[5] Mo.R.S.A. § 283, Laws of Missouri 1941, p. 288, provides in part that appeals shall be allowed from the probate court on all demands exceeding ten dollars and that the right of appeal shall extend to any heir. If it can be found that the Smith brothers are heirs of the deceased they have a right to appeal but in determining that point we must look to the record. The fact that they are declared to be heirs in the notice of appeal is not sufficient. Zumwalt v. Zumwalt, 3 Mo. 269; Redman v. Adams, 88 Mo.App. 534; Gum v. Myers, 221 Mo.App. 392, 277 S.W. 948; State ex rel. Jones v. Davis, Mo.App., 216 S.W.2d 155.
[6] The only evidence of appellants' relation to Hugh E. Smith is that they are the sons of Martha Smith who was married to a brother of Hugh and that her husband died in 1935. There is additional evidence that her sons are the plaintiffs in a partition suit of some sort that is pending.
[7] Whether or not this evidence is sufficient to establish the relationship of nephews and uncle between the appellants and the deceased is of no importance for with that relationship established the evidence still falls short of proving that the appellants are heirs. Estates descend first to the children of a decedent, Section 306, R.S.Mo. 1939, Mo.R.S.A., and if Hugh E. Smith had any children living his nephews were not his heirs. On this point the record is wholly void of any evidence so there is nothing before us to show the interest of the appellants.
[8] The interest of the appellants must be shown by the record. If such were not the rule a meddler with no legal interest in the judgment could appeal and subject the real parties and those affected by the judgment to expense and delay against their will. the absurdity of such a situation is at once apparent.
[9] In Zumwalt v. Zumwalt, above cited, the court stated: "The fact that an appellant is interested, if he is not a direct party, must be made apparent on the record and if he does not make it clear that he is interested, but leaves the matter doubtful, the court must decide against him."
[10] All of the cases above cited go back to this pronouncement in the Zumwalt case and following it we must hold that it was incumbent upon the appellants to show what interest, if any, they had in the estate before they could appeal. Since they failed to do this they are without standing here.
[11] It is the recommendation of the Commissioner that the motion to dismiss the appeal be sustained and the appeal dismissed.