In the ESTATE OF Thomas S. GRAVES, Deceased.

Eva HALE, Heir to the Estate of Thomas S. Graves, Appellant,

v.

Mona Belle BRADLEY, Respondent.

No. 13662.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 21, 1985.

Dorr & Baird, C. Ronald Baird, Springfield, for appellant.

Woolsey, Fisher, Whiteaker, McDonald & Ansley, John E. Price, Springfield, and James E. Curry, Ava, for respondent.

CROW, Judge.

Mona Belle Bradley ("claimant") filed a claim against the estate of Thomas S. Graves, deceased, for $5,000 plus accrued interest allegedly due her on a promissory note made by Graves during his lifetime.[1] The Probate Division of the Circuit Court of Ozark County entered judgment for claimant as prayed. Eva Hale, a daughter of Thomas S. Graves, appeals,[2] assigning two errors. The first is that the trial court wrongly ruled that the estate did not sustain its burden of proving payment of the note, as there was substantial evidence it had been paid. The second is that the trial court erred in failing to make "necessary factual findings" on the issue of payment.

The scope of our review in this judge-tried case is established by *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976). The trial court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Conflicts in the evidence are for the trial court to resolve, *Trenton Trust Co. v. Western Surety Co.,* 599 S.W.2d 481, 483[3] (Mo. banc 1980), and in doing so the trial court may believe all, part or none of the testimony of any witness. *Id.* at 483[4].

Graves made the note August 5, 1978. It bore interest at nine per cent per annum from date and was payable 12 months after date. The consideration for the note was a $5,000 loan by claimant to Graves. As proof of that loan, claimant produced a cancelled check for $5,000 dated August 5, 1978, drawn by her against her bank account, payable to Graves and endorsed by him.

Claimant testified that prior to the loan of August 5, 1978, she had made two loans of $1,000 each to Graves, and one loan of $3,000. In support of that testimony, claimant produced cancelled checks drawn by her against her bank account, payable to Graves and endorsed by him, bearing the following dates and amounts: May 22, 1976, $1,000; May 31, 1976, $1,000; November 17, 1977, $3,000. None of these loans was evidenced by a note. Claimant testified that all of them were "supposed to have been short-term loans," and that she had charged Graves no interest. She added that all these loans had been paid.

On May 12, 1979, some nine months after the note in issue had been made, and prior to receiving any payment thereon, claimant, according to her testimony, loaned Graves another $5,000. No note was pre-

---

1. Claimant also sought, and was awarded, sundry other amounts for various reasons. None of those awards are in dispute on this appeal.

2. On the standing of an heir to appeal from a judgment allowing a claim against an estate see §§ 472.010(15) and 472.160.1(1), RSMo Cum. Supp.1984; *Schappacher v. Smith's Estate,* 223 S.W.2d 121 (Mo.App.1949); *State ex rel. Jones v. Davis,* 240 Mo.App. 411, 216 S.W.2d 155 (1948).

pared to reflect this new loan, but claimant, as proof of the loan, produced a cancelled check drawn by her against her bank account, dated May 12, 1979, for $5,000, payable to Graves and endorsed by him.

About August 14, 1979, a $5,400 check against Graves' bank account was deposited in claimant's bank account. Claimant explained that when she received that sum from Graves, the note was not "handy," as she kept it in a safe at her place of employment. Consequently, according to claimant, Graves said to apply the payment to the $5,000 he had borrowed from her three months earlier on May 12, and "we'll let the note ride." In support of this testimony, claimant produced her checking account register with a handwritten notation on the margin stating: "Hold 1978 Note."

Asked whether she applied the remaining $400 of the $5,400 payment against the accrued interest on the note, claimant answered: "Well, it could have been the interest, or it could have been a loan that he— he owed me more money than that, but I had nothing to prove it. I had nothing to prove it, so I didn't mention anything he told me, he says, 'Now I'm going to pay your [sic] back.' "

The note, when produced by claimant at trial,[3] showed, by handwritten notations on its face, that interest had been paid to August 5, 1979, and that interest had again been paid August 5, 1980. Claimant testified the latter payment would have been $450, and that Graves always paid her by check. Bank records of claimant's account revealed, however, that there was no $450 deposit to claimant's account in August, 1980.

There was no other evidence of payment by Graves to claimant on the note.

Claimant testified that the principal amount of the note, $5,000, together with the interest accruing after August 5, 1980, was due her when Graves died on September 11, 1981.

The trial court agreed, entering judgment in claimant's favor as prayed. In reaching its decision, the trial court found, among other things, that Graves' estate "did not sustain its burden of proving that payment of the note had been made."

Eva Hale ("appellant") states her first point thusly:

"The trial court erred in ruling that defendant (Estate of Thomas S. Graves) did not sustain its burden of proving that payment of the 1978 note had been made because there was substantial evidence of payment of the 1978 note in that:

1. There is a presumption of payment when there is only one outstanding obligation and payment of said amount is received; and

2. Claimant herself admitted she received payment of $5,400.00 in August, 1979, and that there was never more than one outstanding obligation at any one time; and

3. Claimant admitted that decedent always repaid his obligations before he would borrow money from her, and

4. Decedent paid her $5,400.00 in August, 1979, the anniversary date of the 1978 note which was deposited by claimant to her account."

In connection with elements "2" and "3" of the point, appellant relies on testimony by claimant during her pretrial deposition that Graves never borrowed from her until he had paid back his previous loan, so that he was never indebted to her on more than one loan at a time. At trial, claimant explained her deposition testimony by stating that she cannot remember "dates and things," that she has a "mental block" when under pressure, and that after the deposition she found the notation in her checkbook which refreshed her memory regarding the circumstances surrounding the $5,400 payment she received from Graves on or about August 14, 1979.

Appellant concedes that Graves' estate had the burden of proving that Graves had paid the note. *Hubbard v. Happel's Estate*, 382 S.W.2d 416, 423–24[5] (Mo.App. 1964). Appellant insists, however, that the

---

**3.** Evidence was heard on two dates, November 4, 1983, and January 10, 1984.

burden was satisfied by proof of the $5,400 payment from Graves to claimant on or about August 14, 1979. Appellant reminds us that inasmuch as the note, dated August 5, 1978, was due 12 months after date, the $5,400 payment came shortly after the note had matured. Additionally, the amount of the payment, $5,400, was near, but not quite, the total of principal and interest then owed by Graves on the note.

Appellant discounts claimant's explanation that $5,000 of the $5,400 payment was applied to repay the $5,000 borrowed by Graves from claimant on May 12, 1979, contending that (a) there was no proof that the transaction of May 12, 1979, was a loan, as no note was made and claimant's check to Graves did not show it was for a loan, and (b) claimant testified on deposition that Graves never owed her on more than one loan at a time. Appellant argues, inferentially, that the evidence establishes that claimant's $5,000 check to Graves on May 12, 1979, was a gift, not a loan, and thus there was only one $5,000 debt (the note) plus a year's interest owed by Graves to claimant when Graves paid claimant the $5,400 on or about August 14, 1979.

From the hypothesis that the only debt owed by Graves to claimant on August 14, 1979, was the note, appellant, citing *Caneer v. Kent,* 342 Mo. 878, 119 S.W.2d 214 (1938), asserts that a presumption arises that the $5,400 paid by Graves to claimant at that time was for payment of the note.

The trial court, of course, consistent with appellant's theory, could have disbelieved claimant's testimony that the transaction of May 12, 1979, was a loan, and could have likewise disbelieved that claimant and Graves agreed that $5,000 of Graves' $5,400 payment on August 14, 1979, was to be applied to pay that loan, instead of the note. The trial court, however, was just as free to believe claimant's testimony on those matters, and it is evident from the result reached that the trial court found claimant's testimony credible.

█ Appellant's argument, reduced to essentials, is simply an invitation to us to make an independent determination on the credibility of claimant. That is not our role. Credibility of witnesses and the weight to be given their testimony is for the trial court, *Mills v. 1st National Bank of Mexico,* 661 S.W.2d 808, 810[1] (Mo.App. 1983), and we may not substitute our judgment for that of the trial court on credibility issues, *Atkins v. Clark,* 644 S.W.2d 365, 369[5] (Mo.App.1982).

█ Claimant's testimony, corroborated by the $5,000 cancelled check of May 12, 1979, supplied substantial evidence that claimant loaned Graves that amount on that date, and that $5,000 of the $5,400 he paid her on or about August 14, 1979, was, by agreement between them, applied in payment of that loan, and not in payment of the note. There was, therefore, substantial evidence to support the trial court's finding that the note had not been paid, and we cannot say that finding was contrary to the weight of the evidence. Appellant's first point is, accordingly, denied.

As noted at the outset of this opinion, appellant's second point asserts the trial court erred by failing to make "necessary factual findings" on the issue of payment. Specifically, appellant insists the trial court should have explained why it rejected appellant's theory that Graves' payment to claimant on or about August 14, 1979, discharged the indebtedness evidenced by the note.

Rule 73.01, Missouri Rules of Civil Procedure (15th ed. 1984), provides, in pertinent part:

"(a) In cases tried without a jury ...:

.    .    .    .    .

(2) ... If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel. All fact issues upon which no specific findings are made shall be considered as

having been found in accordance with the result reached."

At trial, appellant's counsel stated, "We would ask the Court to make findings of fact when it renders a judgment in this case, and conclusions of law." However, counsel specified no controverted fact issues on which findings were sought.

The trial court made five numbered findings of fact, one of which was, as recounted earlier, that Graves' estate did not sustain its burden of proving that payment of the note had been made. Appellant complains that this did not satisfy the trial court's duty to set forth "specific factual findings on the most crucial factual issue of the case."

Appellant relies on *Springfield Television, Inc. v. Gary*, 617 S.W.2d 86 (Mo. App.1981), in which a judgment was reversed because of the trial court's failure to comply with the losing parties' request for findings of fact and conclusions of law. There, however, each side prepared and submitted proposed findings of fact and conclusions of law to the trial court, but the trial court did not adopt either, did not file a memorandum opinion, and simply entered an unadorned judgment.

 Different circumstances exist here. The dispositive issue was whether the note had been paid. Appellant's theory was that the $5,400 payment by Graves to claimant on or about August 14, 1979, was in payment of the note. Claimant's evidence was that $5,000 of that $5,400 payment was, by agreement between her and Graves, applied to repay her the $5,000 she had loaned Graves on May 12, 1979. It is obvious that the trial court, in finding that Graves' estate did not sustain its burden of proving that payment of the note had been made, resolved this fact issue in favor of claimant and against appellant. All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. Rule 73.01(a)(2), *supra; Flowers v. Bales*, 615 S.W.2d 103, 105[3] (Mo.App. 1981).

 Having failed to specify any particular fact issue for finding by the trial court, appellant cannot now convict the trial court of error for not making a more detailed finding on the issue of payment. *McClelland v. Williamson*, 627 S.W.2d 94, 97[4] (Mo.App.1982).

Appellant's second point is denied.

Judgment affirmed.

PREWITT, C.J., HOGAN, P.J., and MAUS, J., concur.