Eliza Maye McCLELLAND and Herschel Butler, Plaintiffs-Respondents,

v.

Bill WILLIAMSON, Defendant-Appellant.

No. 12092.

Missouri Court of Appeals, Southern District, Division Three.

Jan. 4, 1982.

W. Swain Perkins, Thayer, for plaintiffs-respondents.

Russell A. Ward, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for defendant-appellant.

TITUS, Judge.

Plaintiff Maye McClelland owned a 402 acre farm on which grew walnut and oak trees. Her brother, plaintiff Herschel Butler, maintained five colonies of bees on the farm. Ralph Underwood owned 460 acres lying immediately south of plaintiff Maye McClelland's farm. Defendant, a veteran airplane pilot, operated a aerial crop dusting and chemical defoliant business. In June 1976, Underwood hired defendant to aerially apply chemical defoliant to timber growing on his property and defendant spent parts of three days on the task. Claiming that defendant had negligently permitted the defoliant to spread onto the 402 acre farm, plaintiffs sued for damages allegedly resulting to their trees and bees. The case was court-tried and the court, in its "Conclusions of Law" found "that defendant negligently and carelessly conducted a spraying operation" and as a direct result plaintiff Maye McClelland suffered $17,500 in damages and plaintiff Herschel Butler was damaged in the amount of $900. Judgment was entered accordingly and defendant appealed.

In this court-tried case "[o]ur review is governed by Rule 73.01, V.A.M.R., as set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and we are not to disturb the lower court's judgment unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously declares or applies the law. Before we conclude a judgment in a court-tried case is against the weight of the evidence we must entertain a *firm belief* the judgment is wrong. And, we are to give due regard to the opportunity to the trier of fact to have adjudged the credibility of the witnesses. The trial court's resolution of conflicting evidence is to be accorded due deference by the reviewing court. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481 (Mo. banc 1980)." *Commerce Bank of Poplar Bluff v. Bulger*, 614 S.W.2d 768, 769[1–3] (Mo.App.1981). Furthermore, the trial judge has leave to believe all, part or none of the testimony of any witness [*Long v. Lincoln*, 528 S.W.2d 512, 513 (Mo.App. 1975)] and where there is a conflict in the testimony, we assume the trial court believed the testimony consistent with its findings. *Chicago Title Ins. Co. v. First Missouri Bank of Jefferson County*, 622 S.W.2d 706, 707 (Mo.App.1981).

Among defendant's points relied on in this appeal are complaints of the trial court's failure to make specific findings of fact upon several enumerated factual issues in the case. Plaintiffs in their brief counter with the assertion that the findings of fact and conclusions of law by the trial court were made by it voluntarily and not by request. Therefore, plaintiffs say, defendant may not complain of the failures of

which he now contends and that voluntary findings and conclusions are not reviewable here and present no questions for our consideration. If plaintiffs' assertions were true their pronouncements would be correct. *Key v. Gregory,* 553 S.W.2d 329, 333[4] (Mo.App.1977). However, plaintiffs are mistaken. On page 183 of the transcript on appeal, defendant's counsel is shown, at the conclusion of all of the evidence, as stating to the court: "We would request . . . the Court to make findings of fact and conclusions of law." This, in our opinion, constituted a general request for findings as required by former Rule 73.-01(1)(b), V.A.M.R.

 Defendant's above quoted request must be considered in conjunction with the just cited rule. The rule provides that if requested to do so before final submission, the court shall give a brief opinion containing a statement of the grounds for its decision and the method of determining damages awarded. Under the rule, the court need not make findings on any controverted fact issues except such "as have been specified by counsel." As defendant did not specify any controverted fact issues nor request findings thereon, the trial court may not successfully be charged with error for not making specific findings which were not requested. *Snider v. Snider,* 570 S.W.2d 770, 774–775[2] (Mo.App.1978). Nevertheless, the last sentence of the rule serves to emasculate that which proceeds it. Even had defendant specifically requested findings on any controverted fact issues, the court's failure to comply would not constitute reversible error for in such a situation "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." *First Florida Building, Inc. v. Safari Systems, Inc.,* 570 S.W.2d 728, 730[1] (Mo.App.1978), and cases there cited.

 In an apparent effort not to run afoul of the mandatory requirements of Rule 84.04(d), V.A.M.R., defendant's four points relied on are extremely prolix. Defendant's first two points, which relate only to issues between himself and plaintiff Eli-

za Maye McClelland, are chiefly concerned with the alleged failure of the trial court to make specific findings of fact and conclusions of law concerning certain controverted fact issues which defendant did not specify in his general request. As just observed, the court was not required to make specific or detailed findings of controverted fact issues under a sweeping request "to make findings of fact and conclusions of law." Also as noted, even if such specific requests had been made but went unanswered, we still must consider all fact issues to have been resolved "in accordance with the result reached." Former Rule 73.-01(1)(b), V.A.M.R.

Defendant asseverates in his initial two points that the court nisi erred in not making findings from which the court could determine what damages, if any, plaintiff Eliza McClelland sustained or that her damages resulted from negligently conducting the spraying operations. Further, defendant says, the court made no findings of fact from which specific damages could be determined because it did not find the number of ornamental and shade trees or the number of nonornamental walnut and oak trees that were damaged or the amount said trees were damaged when reduced to a specifically found market value of plaintiff's land. Defendant asserts the court further erred because it failed to find the number of board feet in the damaged trees and the value thereof before and after the spraying and the cost of removing and marketing the trees and the salvage value of the damaged timber.

In its written conclusions of law, the trial court specifically found "that defendant negligently and carelessly conducted a spraying operation . . . on the Ralph Underwood Farm . . . and that the use of chemical defoliant . . . imposes upon the defendant a duty to use said chemical in such a way that innocent parties do not suffer any damage and that in the absence of due care, the defendant becomes liable for any resulting damages and that the plaintiffs herein suffered damages as a direct result of defendant negligently permit-

ting the chemical ... to escape from defendant's possession and control and onto plaintiff's land and as a direct result, Plaintiff Eliza McClelland suffered ... ($17,500.00) in damages and Plaintiff Herschell Butler suffered ... ($900.00) in damages."

■ To our mind the foregoing constitutes a finding that defendant was negligent and as a direct result thereof plaintiffs were damaged in the sums stated. None of defendant's four points relied on question the amount the trial court found that plaintiff Butler had been damaged. Defendant only objects to the findings and conclusions as they relate to damages awarded plaintiff McClelland. In substance, plaintiffs' expert witness Crigler testified 40 mature walnut trees at a value of $187 each had been damaged and that 310 immature walnut trees, each with a value of $15 had been damaged, making $12,130 total damages to walnut trees. The expert Crigler further opined 3,900 hardwood trees of scrag mill quality were damaged in the sum of $7,474, making plaintiff McClelland's total tree damages equal $19,604. This witness also noted the cost of removing the trees from the property for delivery to market. The court's judgment of $17,500, compared with the gross value estimate of $19,604, attests the court made allowances for the removal and other costs of selling the trees. In this state it has been held that the measure of damages for the destruction of matured and growing trees is their market value, less the expense of harvesting and marketing the crop. *Alcorn v. St. Louis & H. R. Co.*, 219 Mo.App. 657, 664, 284 S.W. 510, 512[4] (1926); 25 C.J.S. Damages § 85, at p. 942. If accepted as true by the fact trier, the testimony of a single witness is sufficient to establish any fact, including the amount of damages. *Scherffius v. Orr*, 442 S.W.2d 120, 124[2] (Mo.App.1969). Likewise, it is immaterial that a plaintiff has but a single witness and a defendant has many if the testimony of the plaintiff's lone witness constituted substantial evidence to support the verdict or judgment. *Gaddy v. Skelly Oil Co.*, 364 Mo. 143, 149, 259 S.W.2d 844, 848[3] (1953). We rule plaintiffs' witness as to damages fully satisfied the above consid-

erations. Moreover, there is no requirement that damages in an aerial chemical spraying case must be proved with mathematical certainty—only reasonable certainty is required. *Watkins v. Johnson*, 606 S.W.2d 493, 496[6] (Mo.App.1980).

Defendant's third point relied on reads: "The judgment ... entered by the trial court in favor of the plaintiff, Eliza McClelland ... is not supported by substantial evidence and is against the weight of the evidence .... ... The testimony of witness Crigler will not support the court's findings [because] he calculated the amount of timber damaged and its value by using improper methods and used . an improper measure of damages .... ... The overwhelming weight of the evidence adduced by the defendant shows the amount of timber damaged and its value was substantially less than that as stated by witness Crigler ... and the Court erred in disregarding the greater weight of the evidence and relying upon witness Crigler's testimony as to the issue of damages."

■ Nothing in this third point complies with the mandatory requirements of Rule 84.04(d), V.A.M.R. *Moseley & Co. v. Building Leasing Corp.*, 581 S.W.2d 399, 401[1] (Mo.App.1979). Wherein and why the judgment is not supported by the evidence and is against the weight of the evidence, wherein and why Crigler's testimony will not support the court's findings, wherein and why the witness used improper methods and measures of damages, and wherein and why the overwhelming weight of the evidence showed the damage to be less than stated by the witness is left for us to guess. We have no duty to seek beyond the points relied on to ascertain the whereins and whys of claimed errors. *Haase v. Richmond*, 570 S.W.2d 341, 343–344[1] (Mo.App.1978). Shotgun conclusions that a judgment is not supported by the evidence and is against the weight or the overwhelming weight of the evidence, provide nothing for appellate review. *Mayfield v. Metropolitan Life Ins. Co.*, 585 S.W.2d 163, 164[1] (Mo.App.1979) and cases there cited. More-

over, if the point, as this one apparently does, is contending the court erred by failing to believe defendant's witnesses on damages because they numbered more than plaintiff's witness, we have already observed the fallacy of such an assertion. *Scherffius v. Orr*, supra, 442 S.W.2d at 124[2]. Furthermore, we need not excuse defendant's failure to comply with Rule 84.-04(d), V.A.M.R., nor need we notify him or afford him a chance to atone for the transgression as provided in Rule 84.08, V.A.M.R., because we have heretofore, in our ruling on defendant's first two points relied on, fully considered and decided the matters intended by the third point.

Defendant's fourth and final point relied on, to say the least, is extremely wordy. It covers one and a half pages of defendant's brief. To shorten it as much as possible, the point contends error was committed when the trial court and plaintiffs' counsel cross-examined two of defendant's witnesses relative to the propensities of sprayed chemical defoliants to drift in the wind when the witnesses had not been qualified as experts and had not (because they were not shown to be possessed of superior education, experience or expertise) been qualified to give opinion evidence. The point also avers it was error to allow elicitation of said opinion testimony as it was not predicated on hypothetical questions.

One trouble with defendant's complaint regarding the court's interrogation of one of defendant's witnesses is that defendant voiced no objection thereto at the time of trial. Such an objection is ineffective when not timely made to the trial court and, as is the case here, not voiced until after the trial has been concluded. *Freeman v. Kansas City Power & Light Company*, 502 S.W.2d 277, 283[12] (Mo.1973). As to all of the court's questioning, we note the trial judge was possessed of an inherent right to question witnesses as to any matters material to the involved issues. *Vernon v. Rife*, 294 S.W. 747, 750[11] (Mo.App. 1927). The record reveals the line of questions propounded by the judge was simply inquisitorial in nature and within proper bounds. *Inloes v. Inloes*, 567 S.W.2d 732, 735[9] (Mo.App.1978).

In regard to defendant's complaint that plaintiffs' counsel was erroneously allowed to elicit opinion testimony without propounding hypothetical questions, we note that no such objection was made to the trial court. A litigant may not interpose one objection at trial and a different one on appeal. *Negley B. Calvin, Inc. v. Cornet*, 427 S.W.2d 741, 746[6] (Mo.App. 1968). It is not necessary that we detail defendant's criticism of the trial court in permitting plaintiffs' counsel to examine defendant's witnesses. When, as here, an action is tried sans a jury, the trial court may properly allow wide latitude in the admission of testimony. Unlike a jury, an experienced trial judge, as we have here, can winnow testimony which is purely chaff from the true grains contained in the evidence and come by that which is to be properly considered. *Lee v. Rolla Speedway, Inc.*, 539 S.W.2d 627, 632[9] (Mo.App. 1976).

The judgment nisi is affirmed.

PREWITT, P. J., and HOGAN, J., concur.