STATE of Missouri ex rel. Glenn HILL-HOUSE, Jr., Individually and as Trustee of the Vallandingham Cemetery Trust, Plaintiff-Appellant,

v.

HUNTER RAFFETY ELEVATOR, INC., a corporation, Defendant-Respondent.

No. 12404.

Missouri Court of Appeals,
Southern District,
Division Three.

July 1, 1982.

Blanton, Rice, Gilmore & Sidwell, Sikeston, for plaintiff-appellant.

Jeffrey C. Vaughan, Charleston, for defendant-respondent.

TITUS, Judge.

Plaintiff, individually and as trustee of the Vallandingham Cemetery Trust, sued to enjoin defendant from obstructing a roadway across the latter's property, to require defendant to replace a culvert on its property at the roadway site and to restore the roadway for the use of plaintiff and the public. Sitting in equity, the trial chancellor decreed in plaintiff's favor by ordering defendant to replace the culvert and reconstruct the roadway at its expense. However, as the decree called for the reconstructed roadway to be built a short distance north of where plaintiff claimed it had been originally, plaintiff appealed.

Plaintiff's and defendant's adjacent farm properties are situate in Township 26 North, Range 17 East in Mississippi County. Plaintiff's land is in the southeast quarter of the northeast quarter of Section 8. Defendant's farm, lying immediately adjacent to and east of plaintiff's property, is located in the west half of Section 9. Plaintiff acquired his property in two conveyances. One was the 12½ acres of the southeast quarter of the northeast quarter; the other, consisting of about 207 acres, lies immediately south of and adjacent to the 12½ acres. Excepted from the conveyance of 207 acres was one-half (½) acre situate near the northeast corner of that tract. The excepted half acre consists of the cemetery for which plaintiff is trustee and is enclosed by a four-foot chain link fence that has no gate, stile or other means to provide access inside. Four graves are in the cemetery. Headstones attest the first burial therein occurred in 1889 and the last in 1918.

The north boundary of plaintiff's 12½ acre tract and the north boundary of defendant's property consist of the south side of east-west Drainage Ditch No. 25. The south boundary of plaintiff's 207 acre tract is east-west Old Slab 60. The east boundary of defendant's acreage is north-south Highway 77. The mutual east boundary of plaintiff's two tracts and the west boundary of defendant's farm is the north-south section line separating Sections 8 and 9.

For many years prior to the litigation in question, an east-west "public road" ran westward from Highway 77 across the northern part of defendant's property, then westward across the southern part of plaintiff's 12½ acre tract. A north-south ditch along the west side of Highway 77 was traversed via a culvert pipe which supported the east end of the road. Until plaintiff's 12½ acre tract became commonly owned with the 207 acre tract lying immediately to its south and north of and adjacent to Old Slab 60, the only road-access to the 12½ acres was via the road across the north part of defendant's property. At one time various small farms bordered this road but disappeared as the small farms were incorporated into larger acreages owned by fewer individuals. Elderly witnesses and the exhibits indicated the "public road" had been moved three times from about 118 feet south of the drainage ditch to approximately 300 to 400 feet south thereof where it was located when defendant, in 1979, removed the culvert pipe and plowed up the roadway so as to incorporate it into other tilled land farmed by defendant.

Inter alia, the trial court ruled that the general public had a right to cross defendant's property to gain access to the ceme-

tery and that plaintiff had a like right to reach his individual property. To effect these findings, the court ordered defendant, at its sole cost and expense, to install a culvert in the ditch between Highway 77 and the east edge of defendant's property, to construct a usable entrance over the culvert onto defendant's land and to construct a 25-foot wide roadway westward across the north edge of defendant's property immediately south of and adjacent to the drainage ditch to the east edge of plaintiff's property. The decree also ordered defendant to make the roadway "relatively level and smooth; and suitable for use." Costs of the suit were assessed to defendant. As previously noted, only plaintiff has appealed.

As this was an equitable action and thus a court-tried case, we are obliged to sustain the judgment nisi unless it be found to be against the weight of the evidence or unless the court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Osterberger v. Hites Const. Co.*, 599 S.W.2d 221, 225[1] (Mo.App.1980). Ere we may conclude a judgment in a court-tried case is against the weight of the evidence, we must be possessed of a firm belief that the judgment is wrong. The trial court's resolution of conflicting evidence is to be afforded due deference by this court as the trial judge, as trier of the facts, had leave to believe all, part of none of the testimony of any witness. Where testimony conflicts exist, we assume the trial court believed that testimony which is consistent with its findings and judgment. *McClelland v. Williamson*, 627 S.W.2d 94, 96[1, 2] (Mo.App.1982).

Where, as here, an easement in land has been created in general terms or by implication as a way of necessity without agreement as to its definite location or description, a court of equity has jurisdiction to determine the location of the servitude. However, in so doing the court must give due and proper regard to the rights of all the parties by taking into consideration the condition and use of the servient premises and the purposes the easement was intended to serve, bearing in mind that the grantee is entitled to a reasonably convenient way. Nonetheless, the location must also be reasonable as respects the rights of the grantor. *O'Brien v. Richter*, 455 S.W.2d 473, 477 (Mo.1970); *Bolomey v. Houchins*, 227 S.W.2d 752, 755[2] (Mo.App.1950); 28 C.J.S. Easements § 80 a., p. 760.

Both plaintiff's and defendant's property in question is farmland. Testimony adduced at trial evidenced that over the years, in order to make his own farming operation as productive as possible, plaintiff has plowed up his portion of the very road in dispute. In addition, plaintiff plants crops all around the cemetery, including the ground between the east side of the cemetery and the west boundary of defendant's property and the area between the north side of the cemetery and the 12½ acre tract that plaintiff first acquired. Thus, no matter where the roadway across defendant's property may be located, people intent on visiting the four-grave cemetery would have no roadway to reach it after arriving at defendant's west boundary line. Also, after plaintiff acquired the 12½ acres and commingled it with the 207 acre tract into an undivided whole for farming purposes, he had no absolute necessity for using any roadway across defendant's property to conduct his agricultural pursuits. Considering all of the facts and circumstances previously noted, we are unable to come by a firm belief that the judgment nisi is wrong for being against the weight of the evidence. In our view, the conscientious chancellor gave due regard to the rights of all parties involved and made a sensible adjudication of the issues.

Judgment affirmed.

MAUS, P. J., and FLANIGAN, J., concur.