Reverend Harold HEWITT, Betty Run-
yon, Dennis Page, Polly Burbridge,
and W. E. Kidson, Respondents,

v.

Roy HAGER and Flo Hager, his Wife,
David Hager and Jo Hager, Husband
and Wife, John Singleton and Debbie
Singleton, Husband and Wife, Venita
Singleton, Gary Cox, and Eddie Ran-
dolph and Alice Randolph, Husband and
Wife, Appellants.

No. 42605.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 31, 1982.

E. Rex Bradley, Louisiana, for respon-
dents.

Singer, Nalick & Reeves, P. C., Dennis F.
Nalick, Alton, Ill., for appellants.

SIMON, Judge.

This is an appeal from the grant of an
injunction and order to return personal
property made by the Circuit Court of Pike
County. The underlying action arose from
a dispute between Rev. Harold Hewitt and
others as trustees for the Church in Christ
(Pentecost), respondents, and Roy and Flo
Hager and others, appellants. The appel-
lants contend that the trial court erred in
that: (1) the return of the personal proper-
ty was never pleaded; (2) the injunction
and order is overly broad and not supported
by evidence of specific wrongful acts com-
mitted by appellants; (3) the injunction is
nebulous and improperly restrains members
from access to the church and restrains
future acts which do not exist and are not
threatening; (4) the granting of an injunc-
tion was contrary to the evidence of the
usage and customs of the church concerning
organizational meetings; (5) a fraudulent
scheme was used by respondents to gain
control of the church and its property. Ap-
pellants' points are without merit. We af-
firm.

A brief statement of the facts will suf-
fice. The "Church of God in Christ" (Pen-
tecost) was established in Louisiana, Mis-
souri during the early part of this century.
In 1923 Sarah Ann Kingston deeded real
estate upon which the church building is
located to "W. E. Kidson (a respondent),
Ben Blunt and James Wagner, as Trustees
for the Church of God in Christ (Pentecost),
and their successors who may hereafter be
duly elected by a majority of the members
of said church who are in good standing at
the time that any such election may occur."

Rev. W. E. Kidson left Missouri in the
1930's to reside in Texas. Kidson only re-
turned occasionally to Missouri, and did not
have anything further to do with the
church until he returned for a brief period
in 1978.

Rev. Cecil Cox served as minister from
1953 until 1974. Rev. Ronald Reese was
minister of the church until sometime short-

ly prior to the arrival of respondent, Rev. Harold Hewitt, on March 3, 1978.

In October, 1978, notice of a reorganizational meeting was published in The Louisiana Press Journal. Rev. W. F. Kidson returned from Texas to participate and the meeting continued for approximately six nights. At the meetings church membership applications were distributed, members were accepted, a constitution and by-laws were adopted, trustees were elected and a Sunday School superintendent was appointed. The record is unclear as to the existence of a constitution and by-laws prior to these reorganizational meetings.

Following the reorganizational meetings, a dispute developed between Roy and Flo Hager, who had been accepted as members during the reorganizational meetings, and Rev. Hewitt. The Hagers felt the church no longer met their spiritual needs. Pursuant to this belief, the Hagers sent an eviction notice to the church, changed the locks and removed a piano from the church in an attempt to gain control of the church.

Subsequently, Rev. Hewitt and the other trustees filed a petition for an injunction seeking to restrain the Hagers and their group from entering upon church property and securing the property in the control of the trustees. A temporary restraining order was issued. The appellants filed a motion praying for joint use of the church property, which was overruled. Subsequently, the trial court granted a permanent injunction and ordered the return of the piano to the church. This appeal followed.

In a court tried case, we defer to the trial court's evaluation of the credibility of the witnesses and will not disturb its judgment if it is supported by substantial evidence and the law has been correctly declared and applied. *Murphy v. Carron,* 536 S.W.2d 30, 31 (Mo. banc 1976), and Rule 84.16(b).

In essence, the appellants contend that the judgment of the trial court is not supported by substantial evidence.

Our review of the transcript and legal file indicates otherwise. We find no error of law. An extended opinion would have no precedential value.

Judgment affirmed.

DOWD, P. J., and GUNN, J., concur.