Lou M. McCOMAS, Plaintiff-Appellant,

v.

Lee Roy UMLAUF, Defendant-Respondent.

No. 12445.

Missouri Court of Appeals, Southern District, Division One.

Sept. 28, 1982.

Motion for Rehearing or Transfer to Supreme Court Denied October 14, 1982.

Application to Transfer Denied Dec. 13, 1982.

Wm. C. Morgan, Waynesville, for plaintiff-appellant.

Ronald J. Fuller, Rolla, for defendant-respondent.

TITUS, Judge.

Via a four-count first amended petition plaintiff sued to quiet title to certain described Pulaski County real estate, to enjoin defendant from trespassing thereon and for

damages on account of alleged past trespasses. Defendant answered and cross-petitioned in three counts for relief similar to that sought by plaintiff. The trial court entered judgment in favor of defendant on plaintiff's petition and declared plaintiff and defendant respectively to be the owners of certain described adjoining real estate. The judgment also dismissed counts II, III and IV of plaintiff's petition and counts II and III of defendant's cross-petition. Plaintiff appealed.

Dexheimer et uxor were the owners of the "70 acres, more or less" involved in this litigation. In 1969 the Dexheimers agreed to sell the north "4.4 acres, more or less" of their property to the Plummers. To determine the southern boundary of the property to be sold, Dexheimer constructed a southwest-northeast fence to mark that boundary and had J.T. Powell, a registered land and county surveyor, survey the property to be sold and prepare a certified plat thereof. Before the survey was made, Dexheimer showed Powell the already constructed and standing fence and explained that the fence was to be the southern boundary of the tract to be described and conveyed to the Plummers. The warranty deed of the Dexheimers to the Plummers described the property being conveyed exactly as stated by Powell on the plat of the real estate. The deed, inter alia, stated: "Description as per Survey made by J.T. Powell under date of June 29, 1971." In 1971 defendant purchased from the Plummers the same tract of land described in the deed from the Dexheimers to the Plummers. Five years thereafter, or in 1976, the Dexheimers conveyed the remaining "65½ acres, more or less" of their property to the plaintiff. The deed given plaintiff described all of the property originally owned by the Dexheimers "Except that part ... described in conveyance to Earl M. Plummer and wife recorded in Book 242, Page 108 ...."

In June 1978 plaintiff had a new survey made by Robert Elgin. The surveyor did not follow the description contained in the Dexheimer-Plummer deed and used different bearings and methods than those employed by Powell and recited in the deeds.

The new survey purported to show that defendant's south boundary should be 90 feet north of the existing fence. At trial plaintiff claimed that in 1977 defendant had moved the original fence 90 feet further south from its original location. This assertion was denied by defendant, his son, a neighbor Gass and Dexheimer, all of whom claimed the fence remained constantly in the same location as when originally erected by Dexheimer in 1969. After the new survey had been made, plaintiff undertook to construct a new fence along the line therein indicated. Defendant removed the new fencing material and placed it on plaintiff's property south of the original line fence. Shortly thereafter plaintiff instituted the instant action.

■ Plaintiff's first point relied on in this appeal is that the trial court erred in declaring defendant to be the owner of the land described in the judgment because defendant, via his answer, judicially admitted that plaintiff was the owner of the real estate described in the deed given plaintiff by the Dexheimers. In paragraph 2 of Count I of plaintiff's first amended petition, plaintiff alleges that she is the owner of certain real estate described as was done by Robert Elgin who conducted the June 1978 survey at plaintiff's behest. In answering paragraph 2, defendant specifically denied "that Plaintiff is the owner in fee simple of the real estate described in said Paragraph 2." Defendant's further answer asserting that plaintiff was the owner of only that property described in the deed given her by the Dexheimers is far from constituting a judicial admission that plaintiff was the owner of property whose description expanded that contained in the deed. The deed to plaintiff conveyed to her all of the Dexheimer property "Except that part ... described in conveyance to Earl M. Plummer and wife recorded in Book 242, Page 108 ...." The reference to the deed given Plummer et uxor in the deed given plaintiff, made the reference part and parcel of the deed to the plaintiff. *Mexico Refractories Co. v. Roberts,* 237 Mo.App. 299, 306, 167 S.W.2d 660, 663[3] (1942). The answer does not constitute the admission

claimed by plaintiff and the first point is denied.

■ The second point relied on by plaintiff restates many of the same objections to the judgment nisi as asseverated in her first point. Apparently plaintiff has ignored the rule that in court-tried cases we are obliged upon appeal to sustain the judgment of the trial court unless we find it to be against the weight of evidence or unless it erroneously declares or applies the law. Before we may so conclude, we must be possessed of a firm belief the judgment is wrong for the trial court's resolution of conflicting evidence must be afforded due deference by us as that court, as trier of the facts, has leave to believe all, part or none of the testimony of any witness. Where conflicts in testimony exist, as in the present cause, we may assume the trial court believed the testimony and evidence which was consistent with its findings and judgment. *State ex rel. Hillhouse v. Hunter Raffety Elevator, Inc.,* 636 S.W.2d 400, 402[1] (Mo.App.1982); *McClelland v. Williamson,* 627 S.W.2d 94, 96[1, 2] (Mo.App. 1982).

■ Plaintiff additionally contends that ejectment and not quiet title was the proper remedy. This overlooks that count IV of plaintiff's first amended petition was for ejectment and that the court dismissed that count and refused to eject defendant from property which the court declared was owned and occupied by defendant and his predecessors in title since 1969. Plaintiff may not successfully fault the defendant for not filing an ejectment claim when the evidence, obviously accepted by the trial court, established that defendant was in possession of all the land conveyed to him. This being so, there was no call or need for defendant to seek ejectment of plaintiff.

■ Plaintiff's assertion that defendant's cross-petition did not state a cause of action on the relief afforded, ignores that plaintiff's pleadings, per § 527.150 RSMo 1978, asked the court to "try, ascertain and determine the estate, title and interests of the parties . . . in and to the said real estate, and define and adjudge . . . the title, estate, and interest of the parties . . .

in and to said real estate . . . to hear and finally determine any and all rights, claims, interests . . . whatsoever of the parties concerning or affecting the said real estate . . . . to award full and complete relief, whether legal or equitable." The statute, i.e. § 527.150, relating to determination of interests in and quieting title to real estate is remedial and is to be liberally construed. *Wallis v. St. Louis County,* 563 S.W.2d 93, 95[2] (Mo.App.1978). In actions to quiet title, the trial court "is required to adjudicate the respective interests of the parties even though the plaintiff fails to establish his claim of title and even if the defendant does not request an adjudication of title." *Baldwin v. Black,* 618 S.W.2d 730, 731[1] (Mo.App.1981). Plaintiff's second point relied on is denied.

As previously recited, the description of the land sold by the Dexheimers to the Plummers and by them to the defendant, was that written by J.T. Powell, a registered land and county surveyor, after he had made a survey of the land to be sold and had prepared a certified plat thereof. In making the survey J.T. Powell was assisted by his son, William, who had been associated with his father in the surveying business for several years. J.T. Powell was dead at the time of the trial herein and William, not a registered land surveyor, was called as a witness by defendant to identify the certified plat of the survey and to explain how the survey was conducted. Plaintiff in point III of her brief claims the trial court erred in considering the survey and William's testimony because William, not a registered land surveyor, was not competent to testify.

■ Neither party mentions that under § 60.150 RSMo 1978 a survey made by a county surveyor shall be considered legal or prima facie evidence. We do not undertake to decide if the Powell survey was admissible under the statute although we do note that under point IV of plaintiff's brief she observes that the description of the property in the surveys made by Powell and Elgin both "start at *exactly* the same spot on the ground." However, it is not necessary that we detail plaintiff's criticism of the trial court in permitting entry of the Powell plat

and the testimony of William. "When, as here, an action is tried sans a jury, the trial court may properly allow wide latitude in the admission of testimony. Unlike a jury, an experienced trial judge, as we have here, can winnow testimony which is purely chaff from the true grains contained in the evidence and come by that which is to be properly considered." *McClelland v. Williamson,* supra, 627 S.W.2d at 99[18]. Also, *Lee v. Rolla Speedway, Inc.,* 539 S.W.2d 627, 632[9] (Mo.App.1976). Plaintiff's third point is denied.

▋ Although, per Rule 84.08, V.A.M.R., plaintiff was given a second chance to restate her points relied on, plaintiff's fourth amended point is repetitious and diffuse. We have already (see discussion of point I, supra) disposed of plaintiff's erroneous contention that defendant in his answer admitted that plaintiff was the owner of the land described in count I of her first amended petition. Her second assertion under this point that it was established that plaintiff's petition accurately described the land in the deed to her does not, contrary to Rule 84.-04(d), V.A.M.R., state "wherein and why" the petition, or what part thereof, made an accurate description or "wherein and why" the description resulting from Robert Elgin's survey had to be accepted without question by the trier of the facts. The mere fact, as erroneously alleged by plaintiff, that Elgin's survey and testimony thereto went uncontradicted or unobjected to by defendant, was not alone sufficient to satisfy plaintiff's burden of persuasion because, as previously observed, the trial court had leave to believe or disbelieve all, part or none of Elgin's testimony. *Barnes v. Bank of Bourbon,* 619 S.W.2d 906, 907[2] (Mo.App. 1981). Plaintiff's assertion that the trial court erred in reforming the involved deeds because no such relief had been prayed is also error. No reform was undertaken of plaintiff's deed because her deed, as initially drawn and as declared by the court, consisted of all the involved property except that which had previously been deeded to defendant and his predecessors. The point is denied.

▋ We disagree with plaintiff's claim via her fifth point that the trial court erred in determining that a latent ambiguity existed in the involved deeds. Apparently this stems from the fact that plaintiff's position is predicated on the contention that the trial court should have blindly accepted Robert Elgin's new description of the property originally deeded by the Dexheimers to the Plummers. A latent ambiguity in a deed is an uncertainty in the description of the land not appearing on the face of the instrument but which is shown to exist when undertaking to apply the language in the deed to the ground. Such an ambiguity may be explained and removed by parol evidence. Having been revealed by matters outside the deed, the ambiguity may be removed in the same manner. *Becker v. Workman,* 530 S.W.2d 3, 6 (Mo.App.1975). As the Dexheimers-plaintiff deed excepted the property conveyed in the Dexheimers-Plummers deed, the question then is the intention of the parties to the Dexheimers-Plummers deed for, obviously regardless of the intention of any party to the Dexheimers-plaintiff deed, the Dexheimers could not effectively convey to the plaintiff any part of that which they had already conveyed to the Plummers.

▋ The existence of a latent ambiguity initially appears in plaintiff's petition wherein she seeks to quiet title to land described differently from that described in her deed from the Dexheimers and is enhanced by Robert Elgin's testimony which sought to establish a description of defendant's property different from that set forth in the exception contained in plaintiff's deed. Moreover, except for the point of beginning, Elgin's survey and plaintiff's evidence deviated from every call in Plummers' and defendant's deeds as to distances and direction and thus established that an ambiguity existed in those deeds. As seen in the beginning of this opinion, it was the intention of the Dexheimers to sell and convey to the Plummers that particular parcel of land whose southern boundary was delineated by a fence which Thomas Dexheimer had constructed for that very purpose. In other words, it was the intention of the parties to convey and receive a certain tract of land whose southern bound-

**814**

ary was fixed and marked by the line fence irrespective of what particular land description may have been employed in the deed. This is what the court decided and what intention it employed in describing the property owned by the defendant. Plaintiff's fifth point is denied.

Plaintiff's final point complains anent the trial court's dismissal of counts II, III and IV of her petition. The counts sought trespass damages against defendant, damages for defendant's wrongful withholding of possession and an injunction against defendant to prevent further acts of trespassing. We have heretofore concluded, as did the trial court, that defendant was, in fact, the lawful owner of the property concerned in the three counts of plaintiff's petition. Consequently, defendant could not be guilty of trespassing on land which was his, he could not be guilty of withholding its possession from plaintiff and he should not be enjoined from occupying his own property.

Judgment affirmed.

GREENE, P.J., and FLANIGAN, J., concur.