CITIZENS STATE BANK OF MARSHFIELD, a Missouri corporation, Plaintiff-Respondent,

v.

FRIENDLY FORD, INC., a Missouri corporation, Defendant-Appellant.

No. 13487.

Missouri Court of Appeals, Southern District, Division One.

Feb. 21, 1985.

Charles B. Cowherd, Taylor, Stafford & Woody, Springfield, for plaintiff-respondent.

Christopher J. Stark, Springfield, for defendant-appellant.

TITUS, Presiding Judge.

Plaintiff bank sued defendant motor sales company for conversion of a 1974 Lincoln automobile. Following a trial to the court, a judgment was entered in favor of plaintiff and against defendant in the sum of $2,519.65 and in favor of plaintiff and against defendant on all counts of defendant's counterclaim. Defendant appealed.

On May 2, 1979, Jim Robinson executed and delivered to plaintiff his $2,760.05 promissory note and a security agreement which provided plaintiff with a security interest in a 1974 Lincoln automobile which Robinson had that date purchased. Plaintiff perfected its security interest in the car by complying with the provisions of § 301.-600.[1] Robinson made only two payments on the note—a $62.60 interest payment made July 30, 1979, and a $300 payment made November 19, 1979.

■ Robinson on September 1, 1979, talked to defendant's salesman and used car manager about trading the Lincoln for a more economical vehicle. As a result Robinson made an even trade of the Lincoln (albeit plaintiff bank had the title thereto) for a 1975 Ford Granada between September 1 and 7, 1979. On the latter date defendant's employee mailed the Granada title to plaintiff bank together with the lienholder's copy of the title application. An officer of plaintiff bank acknowledged receiving the papers on the Granada sometime after September 10, 1979, unaccompanied by any letter or note explaining why the bank was being sent such documents. Contrary to this, an employee of defendant said the documents were accompanied by a note asking for return of the papers relating to the Lincoln. Of course, resolution by the trial court of conflicting evidence such as this and other testimony in a court-tried case, must be accorded due deference by this tribunal as the court nisi, as trier of the facts, has leave to believe all, part or none of the testimony of any witness. *McComas v. Umlauf*, 641 S.W.2d 809, 812[4] (Mo.App.1982). Also, we may assume the trial court believed the evidence and testimony which is consistent with its findings and judgment. *State ex rel. Hillhouse v. Hunter Raffety Elevator, Inc.*, 636 S.W.2d 400, 402 (Mo.App.1982).

Shortly after receiving the Granada papers, a bank official contacted Robinson for an explanation of the matter. When advised of the trade, the official told Robinson that before plaintiff bank would go along with the switch Robinson would have

---

**1.** Statutory and rule references are to V.A.M.S. and V.A.M.R.

to pay the bank $800 on his arrearages. Such payment was never made but as seen, supra, Robinson sent the bank $300 in November 1979. Sometime in late October or early November a bank officer received a call from a Joplin car dealer wanting the title to the Lincoln as he had bought the vehicle from defendant and sold it to a customer. A bank official telephoned defendant regarding the situation and was later advised that Robinson had been contacted and had assured defendant's employee he would make up the difference which was owed. Plaintiff bank's officer testified he did not want to exchange the Lincoln for the Granada as he considered the Lincoln to be better collateral and that he had not talked to anyone at defendant's establishment about an exchange of collateral until after receiving the call from the Joplin car dealer. In April 1980 plaintiff secured possession of the Granada from Robinson and sold it for $900 and credited that amount on the Robinson loan.

Defendant's used car sales manager was defendant's sole witness. He recounted his September 1, 1979, meeting with Robinson when an agreement was reached on an even swapping of the Lincoln for the Granada. The witness stated he had Robinson telephone plaintiff bank "about doing the financing on it." Albeit the manager said the conversation on plaintiff's part "wasn't a yes or it wasn't a no at that time," the court sustained plaintiff's hearsay objection to the testimony. The sales manager claimed he had personally talked to the bank employee in question on September 1, 1979, but was unable to recall the substance of the conversation. Defendant's sales manager said he again talked with bank personnel on September 7, 1979, who said the bank would exchange car titles if Robinson paid what he then owed the bank, which the manager then understood to be "like $300 or $400." Defendant then sent the Granada papers to the bank. When plaintiff asked for the return of the Lincoln in November·1979, it was told by defendant the vehicle had "been wholesaled to another dealer." The sales manager for defendant acknowledged that when defendant

sent the Granada papers to plaintiff bank, it was not known whether the money wanted by the bank from Robinson had, in fact, been paid. Defendant's manager also admitted he had never inquired if it would be agreeable with plaintiff if defendant sold the Lincoln.

In addition to its answer, defendant filed a four count counterclaim claiming damages for alleged fraud, abuse of process and breach of an averred oral contract on the part of plaintiff. As already noted, the trial court entered judgment against defendant on each of its claims.

Our review in this court-tried case is governed by Rule 73.01 as set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we do not disturb the judgment of the court nisi unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously applies or declares the law. Ere we may conclude a judgment in a court-tried case is against the weight of the evidence we must entertain a firm belief the judgment is wrong. We are bound to give due regard to the opportunity of the trial court, as trier of the facts, to have adjudged the credibility of the witnesses and to accord due deference to that court's resolution of conflicting evidence. *Commerce Bank of Poplar Bluff v. Bulger,* 614 S.W.2d 768, 769[1–3] (Mo.App.1981).

We, as the foregoing attests, have reviewed the transcripts, counsels' briefs, the legal file and all other matters submitted. It is our considered conclusion that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. We also determine that no error of law appears and that an extended opinion would have no precedential value. The judgment nisi is affirmed in compliance with Rule 84.16(b).

FLANIGAN and GREENE, JJ., concur.