**Dennis POLLOCK, et ux., Appellants,**

v.

**Jack D. ROSE, et ux., Respondents.**

**No. WD 36995.**

Missouri Court of Appeals,
Western District.

Feb. 18, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
March 27, 1986.

Application to Transfer Denied
May 13, 1986.

Steven Douglas Wolcott, Gladstone, for appellants.

Lance Wolf Lefevre, Kansas City, for respondents.

Before DIXON, P.J., and MANFORD and NUGENT, JJ.

MANFORD, Judge.

This is a civil action seeking damages due to an alleged obstruction of the flow of surface water. The judgment is affirmed.

Appellant raises two points which, in summary, charge that the trial court erred in its application of the law in that (1) appellants' case is an exception to the "Common Enemy" doctrine, and (2) the court should adopt the rule of "Reasonable Use" as regards surface waters in urban areas.

The facts disclosed by the record are as follows:

Appellants' and respondents' homes are located on adjacent lots on a residential street which has a fairly sharp grade downhill to the south. Respondents' property is just south of appellants', thus appellants' property is slightly higher than respon-

dents', and all property north of appellants' is higher still. The natural result of these respective elevations is that surface water drains off all properties north of appellants', through appellants' back yard, and continues to flow on through respondents' backyard.

Respondents purchased their property in 1978. Before 1980, their backyard was marsh-like and unsuitable for any vegetation except cattails and grasses. In 1980, respondents added several truckloads of dirt to their backyard which resulted in increasing the height of their property to a point above the lowest point on appellants' property. Subsequently, run-off surface water from the properties north of appellants, and from appellants' property, flooded appellants' basement and back patio. Also, some water from respondents' property would run off onto appellants' property. Appellants testified, however, that the run-off from respondents' property contributed only about 10% of the water which collected on appellants' property, and that that amount alone would not cause the flooding of appellants' property.

As a result of the flooding, appellants claimed damage to personal property and to their house, including the reduction of its fair market value. This appeal followed the entry of judgment.

Review of this case is pursuant to Rule 73.01 as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Since 1884, Missouri has followed the common law rule, which is often described as the "Common Enemy" doctrine, in regards to a landowner's liability for obstructing the flow of surface waters. *See Abbott v. Kansas City, St. Joseph & Council Bluffs Railroad Co.*, 83 Mo. 271 (1884), wherein Missouri adopted the Common Enemy doctrine. Under the Common Enemy doctrine, as respects surface waters, every man is entitled to dam against surface water to ward it off his land even if, in so doing, he casts water back upon his neighbor. *Schifferdecker v. Willis*, 621 S.W.2d 65, 67 (Mo.App.1981).

A landowner, however, is not protected by the Common Enemy doctrine if he unnecessarily collects water and discharges it at one place creating damage to his neighbor in the process. *Schifferdecker, supra, Camden Special Road Dist. of Ray County v. Taylor*, 495 S.W.2d 93, 98 (Mo.App.1973).

Appellants claim their case falls within this exception to the Common Enemy doctrine because, due to the change in elevation of respondents' backyard, water is not only dammed up, but also drains from a portion of respondents' property onto appellants' property. The evidence indicates, however, that this amount is minimal (about 10%) and does not, by itself, cause the flooding of appellants' property.

Furthermore, appellants claim that their case falls within this exception is not supported by the record because respondents have not "collected" surface water which they discharge onto appellants' property.

Appellants also claim that the respondents' displacement of mud onto their (appellants') property is an exception to the Common Enemy doctrine, citing *Wells v. State Highway Comm'n.*, 503 S.W.2d 689 (Mo.1973). However, respondents denied that mud from their property was discharged onto appellants', and further testified that the mud of which appellants complain originated on appellants' property, resulting from two truckloads of dirt which appellants deposited in their yard in an effort to absorb the surface water.

Where conflicts in testimony exist in a court tried case, this court may assume the trial court believed the testimony which was consistent with its judgment. *McComas v. Umlauf*, 641 S.W.2d 809, 812 (Mo. App.1982). This court must defer to the trial court's evaluation of the credibility of witnesses and may not disturb its judgment if it is supported by substantial evidence and the law has been correctly declared and applied. *Hewitt v. Hager*, 639 S.W.2d 262, 263 (Mo.App.1982).

Appellants' point 2 is taken up and, after full consideration, is ruled against them for the following reasons:

This court has, on prior occasions, advocated the tempering of the Common Enemy doctrine. *See Roberts v. Hocker*, 610

S.W.2d 321 (Mo.App.1980). However, this court is bound to follow the last controlling opinion of the Supreme Court of Missouri. *Estate of Seabaugh,* 654 S.W.2d 948, 957 (Mo.App.1983). The most recent Supreme Court case is *M.H. Siegfried Real Estate v. City of Independence,* 649 S.W.2d 893 (Mo. banc 1983) which held "[t]he bare obstruction of the flow of surface water by a lower owner has not been found to be an occasion for liability, even though the effect on the upper owner would be highly predictable. Nor have courts inquired into the abstract reasonableness of the lower owners' conduct." At 896–97. And "we do not perceive any general trend in Missouri or elsewhere toward abandonment of the 'common enemy' rule in favor of some other concept such as a 'reasonable use' doctrine" at 898. *M.H. Siegfried Real Estate* reaffirms this state's advocation of the Common Enemy doctrine and this court cannot hold otherwise.

Both of appellants' points are ruled against them for the reasons set forth above.

The judgment is affirmed.

All concur.